Anthony MURRAY, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 83–3724

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 16, 1984.

· Leopold Weill, III, New Orleans, La., for petitioner-appellant.

Beryl M. McSmith, Asst. Dist. Atty., New Orleans, La., for respondent-appellee.

Before REAVLEY, RANDALL and JOHNSON, Circuit Judges.

PER CURIAM:

Anthony Murray has appealed the federal district court's denial of his petition for habeas corpus relief. 28 U.S.C. § 2254 (1982). He contends that he is entitled to habeas relief on the ground that he was deprived of effective assistance of counsel at trial. Because we perceive no error in the magistrate's carefully reasoned report and recommendations, which were adopted by the district court, we affirm.

Murray was convicted in a jury trial of armed robbery, and sentenced to twenty-five years at hard labor in the custody of the Louisiana Department of Corrections. His conviction and sentence were affirmed by the Louisiana Supreme Court.

Murray subsequently sought post-conviction relief from the state trial court, alleging that his arrest had been illegal, that the identification procedures employed at the time of his arrest and at trial were impermissibly suggestive, and that the representation provided him by his retained counsel was ineffective. The trial court held evidentiary hearings, at which Murray and eight witnesses on his behalf were allowed to testify. The trial court denied Murray's petition for post-conviction relief, assigning lengthy reasons for its judgment. Murray then sought writs to the Louisiana Supreme Court, which were denied.

Having exhausted his state court remedies, Murray then sought habeas corpus relief from the federal district court under 28 U.S.C. § 2254, alleging the same three deficiencies that he had urged in state court. The district court denied Murray's petition. Murray appeals the district

court's judgment to this court, although he has chosen to brief on appeal only those issues relating to ineffective assistance of counsel. His claims regarding his arrest and his identification, therefore, are deemed abandoned, *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir.1983), and we need not address them on appeal.

Shortly after Murray's arrest on the armed robbery charge, his family retained attorney Arthur Harris to represent him. Harris represented Murray at a preliminary hearing held on October 14, 1975. Shortly thereafter, Murray's mother, Mary Rhodes, realized that she could not afford Harris' fee, and she then hired attorney George Fust to represent Murray. Murray asserts that certain acts and omissions of Fust deprived him of effective assistance of counsel.

The following is Murray's version of the trial preparation and defense conducted by Fust. Fust visited Murray only once before trial for approximately ten to twenty minutes. During this meeting, Murray related his version of the events of the evening of his arrest and gave Fust the names of his possible witnesses. Fust did not obtain a copy of the transcript of the preliminary hearing and did not talk to Harris concerning the case. Although he knew of the circumstances of Murray's arrest and identification and that the identification was the only evidence against Murray, Fust did not file a motion to suppress the identification. Fust did interview Murray's alibi witnesses, but only because Ms. Rhodes, on her own initiative, brought them to his office. Fust talked to no other witnesses. Fust never discussed the nature of the defense he planned to present with either Murray or his family. At trial, Fust waived opening argument, failed to object to leading questions by the prosecution, and failed to cross-examine the prosecution witnesses about circumstances surrounding the identification of Murray. Fust called three witnesses, including Murray, but never discussed with those witnesses prior to trial the nature of their testimonies. As a result of this failure to prepare the other two witnesses, Murray claims, they both mentioned another arrest which had occurred the same evening as the armed robbery arrest. Fust made no attempt to clarify the nature of the arrest (which was for simple trespass and resisting arrest) by redirect or rebuttal testimony. Finally, Fust failed to call Irene Lewis, Murray's girlfriend, who was present in court the day of the trial and who would have testified that she was on the phone with Murray at the time the robbery was to have occurred. On these facts, Murray argues that Fust's representation was defective.

The Supreme Court has recently, in *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for the first time addressed the proper standards for judging a criminal defendant's contention that his counsel's assistance was so defective as to require reversal of the defendant's conviction. Under the *Strickland* standard, a petitioner must make a two-stage showing: first, that the counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment; and second, that the deficient performance was so serious as to deprive the defendant of a fair trial, *i.e.*, a trial whose result is reliable.

*Washington* directs that in examining the first stage—whether counsel's performance was deficient—"[j]udicial scrutiny of counsel's performance must be highly deferential." —— U.S. at ——, 104 S.Ct. at 2065. Our inquiry must be whether counsel's assistance was reasonable considering all the circumstances. However, because it is all too easy to second-guess an unsuccessful counsel's defense with the benefit of hindsight, in making that inquiry "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (citation omitted).

■ In examining the second stage—whether the deficient performance was prejudicial—we must inquire as to whether the defendant has shown that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." —— U.S. at ——, 104 S.Ct. at 2068. Thus, when a defendant has challenged his conviction, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.*

■ A defendant must make both of these showings in order to prevail in his claim of ineffective assistance of counsel. However, in addressing a defendant's claim, we need not approach the inquiry in any particular order or even address both stages of the inquiry if an insufficient showing is made as to one. A claim may be disposed of for either reasonable performance of counsel or lack of prejudice, without addressing the other.

■ Applying the *Washington* standard to the facts of this case, we find that we must affirm the district court's denial of Murray's petition for habeas corpus relief. Murray asserts initially that Fust erred in failing to call Ms. Lewis as a witness. Complaints of uncalled witnesses are not favored in federal habeas review. *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir.1981). Moreover, Murray must overcome a strong presumption that Fust's decision in not calling Ms. Lewis as a witness was a strategic one. *Strickland v. Washington, supra,* —— U.S. at ——, 104 S.Ct. at 2065–2066. Given all the circumstances of this case, Murray has failed to do so. Murray was positively identified by three eyewitnesses as the perpetrator of the armed robbery. The physical description of the robber's clothes matched exactly the clothes Murray was wearing shortly after the robbery. In light of the strong evidence against Murray and the fact that Fust called two alibi witnesses to testify during trial, as well as Murray himself, the decision not to call a third alibi witness should not be viewed with "the distorting effects of hindsight." *Strickland v. Washington, supra,* at ——, 104 S.Ct. at 2065. The testimony of Ms. Lewis would have been merely cumulative of testimony already given. Fust had interviewed Ms. Lewis prior to trial. At this interview, Ms. Lewis told Fust what she would testify to. Fust knew Ms. Lewis was present the day of the trial. Because Fust died in 1978, no definitive answer as to why he did not call Ms. Lewis can be determined. We will never know whether he detected a problem with the demeanor or age of this teenage girl or whether he merely determined that her cumulative testimony was unnecessary. In any event, Murray has failed to overcome the presumption that this decision was within the realm of trial strategy.

Murray next contends that Fust failed to properly investigate the facts of the case. The evidence, however, belies such a claim. Fust talked to Murray and his witnesses, including those who did not testify at trial, and each testified at the state post-conviction hearings that he related all he knew about the case to Fust. Murray has not alleged any additional facts that could have been uncovered by additional investigation. This was not a complicated case and the legal issues were not complex. Murray's single defense was an alibi, which Fust thoroughly investigated. As the Supreme Court in *Washington* specifically noted, "[w]hen the facts that support a certain potential line of defense are generally known to counsel because of what defendant has said, the need for further investigation may be considerably diminished or eliminated altogether." —— U.S. at ——, 104 S.Ct. at 2066. We do not find that Fust failed to conduct an adequate investigation.

■ Nor did Fust fail to adequately consult with his client. Murray alleges that Fust spoke with him only once prior to trial for about twenty minutes. However, brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel. *Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir.1979). Murray testified at the

state post-conviction hearing that Fust visited him about a week and a half before trial. At this time Murray explained his version of what happened the evening of his arrest and gave Fust a list of potential witnesses. Murray testified that he discussed with Fust everything that he eventually testified to at trial. As we have mentioned above, this was not a complex case. The relevant facts could have easily been conveyed by Murray to Fust within the estimated length of their meeting. Murray has not shown what additional evidence could have been produced had additional conversations taken place. Similarly, Fust cannot be faulted for failure to discuss his defense strategy with Murray or his family. There was only one defense available to Murray—his alibi. The facts concerning the case and the defense were supplied Fust by Murray himself. Such a discussion would have been unnecessary and Murray has shown no available alternative defenses that Fust should have brought to his attention.

■ Murray next argues that Fust failed to adequately prepare for trial. Murray first asserts that Fust should have filed a motion to suppress the identifications. However, Murray has again failed to overcome the presumption that this was within the realm of trial strategy on Fust's part. The state trial judge who presided at Murray's trial denied Murray post-conviction relief stating that any failure by Fust to move for suppression of the identification evidence was not a "fatal defect" since it was highly unlikely that he would have granted such a motion. Counsel is not required to engage in the filing of futile motions. The filing of pretrial motions falls squarely within the ambit of trial strategy. *William v. Beto*, 354 F.2d 698, 703 (5th Cir.1965). Murray also asserts that Fust failed to properly prepare his witnesses, resulting in damaging evidence being presented in the record. Here, however, even assuming that Fust's performance was deficient (an issue we do not decide), Murray has failed to show a reasonable probability that, but for this alleged error, the jury would have had a reasonable doubt respecting guilt. As not-

ed above, Murray was positively identified by the three victims of the armed robbery and Murray was arrested a very short time after the robbery wearing clothing that fit exactly the victims' descriptions. The jury obviously did not find Murray's alibi credible. Given the totality of the circumstances, we cannot say that, had the evidence concerning Murray's prior arrest that evening not been heard, the result of the proceeding would have been different.

■ Murray finally contends that Fust failed to conduct an adequate defense at trial by failing to make an opening statement and failing to properly cross-examine prosecution witnesses. We disagree. The decision of whether to present an opening statement falls with the zone of trial strategy. *William v. Beto, supra,* at 703. Moreover, Murray has failed to show or even allege any prejudice suffered from Fust's failure to present an opening argument. As to Fust's cross-examination of prosecution witnesses, the record indicates that Fust's cross-examination was both effective and meaningful considering the strength of the state's case.

For the foregoing reasons, the district court's denial of Murray's petition for habeas corpus relief is AFFIRMED.