Raymond MARLER, Jr.,
Petitioner-Appellant,

v.

Frank BLACKBURN, Warden Louisiana
State Penitentiary, et al.,
Respondents-Appellees.

No. 85–3174

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1985.

---

Raymond Marler, Jr., pro se.

Patricia E. Black, Asst. Dist. Atty., Nola, La., for respondents-appellees.

Before ALVIN B. RUBIN, JOHNSON, and EDITH HOLLAN JONES, Circuit Judges.

## OPINION

JOHNSON, Circuit Judge:

Petitioner, Raymond Marler, Jr., appeals from the federal district court's judgment dismissing Marler's application for habeas corpus relief. For the reasons stated below, this Court affirms the judgment of the district court.

## I. BACKGROUND

On the afternoon of October 21, 1976, a fire broke out in a fourth floor storage room in the Orleans Parish Prison. Inmates threatened by the fire were evacuated to safety. However, Ronald Brady, a deputy sheriff who was assisting in evacuating prisoners, was overcome by smoke and died.

The petitioner, Raymond Marler, gave a signed confession indicating that he started the fire. According to Marler's confession, he and two other inmates, Edward Vernon and Dirk Thornton, were occupying a fifth floor cell immediately above the fourth floor storage room where the fire began. Due to the age and disrepair of the prison, a small hole was located in the floor of Marler's cell which provided a view of the storage room below. Marler, because he was "bored" and wanted some excitement, decided to light some paper and drop it through the hole in his cell which led to the fourth floor storage room. This burning paper started the fire. Marler's cellmates, Vernon and Thornton, also made statements which supported Marler's statement of how the fire began.

Marler was eventually tried and convicted of second degree murder under Louisi-

ana law. After unsuccessfully appealing his conviction to the Louisiana Supreme Court, Marler filed a state habeas corpus petition which was denied. Marler then filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Louisiana. The district court dismissed Marler's application for habeas corpus relief without an evidentiary hearing. Marler filed a timely notice of appeal to this Court. On appeal, Marler contends (1) that he received ineffective assistance of counsel at trial, (2) that insufficient evidence existed to support his second degree murder conviction under Louisiana law, and (3) that he was denied due process because his conviction was obtained with perjured testimony.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

■ *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), establishes a two-pronged test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) the defendant must show that counsel's performance was deficient, and (2) the defendant must show that the deficient performance prejudiced the defense. *Id.* at ——, 104 S.Ct. at 2064, 80 L.Ed.2d at 692.

In the instant case, Marler asserts two types of ineffective assistance of counsel. First, Marler asserts that his attorney failed to object to improper questions. Marler testified at trial for the limited purpose of challenging the voluntariness of his confession. During cross-examination, the prosecution questioned Marler regarding several prior convictions. Marler claims that his attorney rendered ineffective assistance by failing to object to this questioning.

■ This claim is without merit. Louisiana law provides that "[e]vidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the

witness...." La.Rev.Stat.Ann. § 15:495 (West 1981). Marler was a witness, albeit for a limited purpose, and accordingly his credibility was at issue. Thus, evidence of Marler's valid prior convictions was admissible. Because objections to questions regarding Marler's prior convictions would have been futile, counsel was not required to raise such objections in order to render effective assistance. *See Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.1984).

Marler also asserts that his trial attorney failed to secure the testimony of needed witnesses. Specifically, Marler argues that his attorney should have located and called witnesses who could testify that shortly after Marler confessed, he showed symptoms consistent with having been beaten. Such testimony could have buttressed Marler's claim that his testimony was coerced and only given because Marler had been beaten by prison guards.

■ Nevertheless, this Court concludes that the attorney's failure to secure such testimony did not deprive Marler of effective assistance of counsel. To establish ineffective assistance, a petitioner must "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2065, 80 L.Ed.2d at 693. In making this objective evaluation, a court's scrutiny should be "highly deferential," with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at ——, 104 S.Ct. at 2066, 80 L.Ed.2d at 694.

■ Given the circumstances in the instant case, Marler has failed to overcome this presumption of reasonableness. Marler's claim that his confession was coerced was supported at trial by his own testimony and that of a fellow prisoner, Dirk Thornton. Another fellow prisoner, Edward Vernon, had given testimony at a pre-trial hearing on a motion to suppress indicating that Marler had been beaten prior to confessing. A week before trial, Vernon had told Marler's attorney that Vernon's trial testimony would be similar to his testimony given at the pre-trial hearing.

Thus, Marler's attorney went to trial expecting to produce two independent witnesses to the beating. However, at trial Vernon changed his story testifying that he had seen no evidence indicating that Marler was beaten prior to confessing. As a result, Marler's claim that he was beaten before confessing was considerably less well-supported than expected. Relying on hindsight, Marler now maintains that his attorney should have located and called additional witnesses to support the claim that his confession was coerced. Complaints of uncalled witnesses are not favored in federal habeas review. *Murray v. Maggio*, 736 F.2d at 282. Effectiveness of counsel must be determined as of the time of counsel's conduct, not from hindsight. *Strickland*, 466 U.S. at ——, 104 S.Ct. at 2065, 80 L.Ed.2d at 695. Thus, Marler has failed to overcome the strong presumption that his counsel's actions were reasonable.

■ Even if the failure to secure additional witnesses had been objectively unreasonable, Marler has failed to show that he was prejudiced by his attorney's actions. A petitioner seeking habeas corpus relief on the basis of ineffective assistance of counsel must "affirmatively prove prejudice." *Id.* at 466 U.S. ——, 104 S.Ct. at 2068, 80 L.Ed.2d at 697. To affirmatively prove prejudice, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at ——, 104 S.Ct. at 2068, 80 L.Ed.2d at 697. No evidence exists in the instant case, apart from Marler's assertions, regarding the nature of the testimony such witnesses might have given. Thus, Marler's claim of prejudice is speculative at best, and insufficient to establish a reasonable probability that the result of his trial would have been different.

### III. SUFFICIENCY OF THE EVIDENCE

■ Marler also contends that his conviction is not supported by sufficient evidence. Specifically, Marler argues that the jury

improperly found Marler guilty beyond a reasonable doubt of second degree murder. Insufficiency of the evidence can support habeas corpus relief only where the evidence, viewed in the light most favorable to the prosecution, is such that no rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

At the time of the offense in the instant case, second degree murder under Louisiana law included:

> *The killing of a human being when the offender is engaged in the perpetration or attempted perpetration of* aggravated rape, *aggravated arson,* aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, *even though he has no intent to kill....*

La.Rev.Stat.Ann. § 14:30.1 (West Supp. 1985) (emphasis added). In Louisiana, aggravated arson is "the intentional damaging by an explosive substance or the setting fire to any structure, watercraft, or movable whereby it is foreseeable that human life might be endangered." La.Rev. Stat.Ann. § 14:51 (West Supp.1985). A danger is foreseeable when it could ordinarily be anticipated "by a human being of average reasonable intelligence and perception." La.Rev.Stat.Ann. § 14:2(5) (West 1974). Thus, so long as the danger was foreseeable to a reasonable person, whether Marler actually foresaw the danger is irrelevant.

■ This Court concludes that the record in the instant case, properly viewed in the light most favorable to the prosecution, contains sufficient evidence to support Marler's conviction for second degree murder. Marler started the fire in an occupied jail, inhabited by other inmates and patrolled by deputy sheriffs. The chance that someone's life would be endangered if a fire started in such an environment was so great that a reasonable person would have foreseen the danger. Accordingly, sufficient evidence exists to support a finding of guilt beyond a reasonable doubt regarding each element of the crime of second degree murder.

## IV. DUE PROCESS

Marler's final claim is that he was denied due process because his conviction was obtained with perjured testimony. This claim is based on the trial testimony of Edward Vernon. Vernon gave unfavorable testimony at trial but has now decided that the favorable testimony he gave at a pre-trial hearing was in fact correct. Vernon has disclaimed his sworn trial testimony, so far as the record shows, nowhere but in a signed handwritten statement not given under oath.

■ The district court correctly concluded that Vernon's signed statement was merely additional essentially cumulative evidence concerning a factual issue the jury resolved at trial. Vernon testified at trial that Marler set the fire. Vernon further testified at trial that Vernon had seen no evidence indicating that Marler was beaten prior to confessing.[1] This trial testimony conflicted with Vernon's testimony given at a pre-trial suppression hearing indicating that Marler had been beaten and that Vernon did not know who had started the fire. This prior testimony was used to impeach Vernon's trial testimony. Thus, the jury was exposed to both versions of Vernon's testimony. Vernon's latest switch in testimony merely reiterates the version of events he had given at a pre-trial hearing and adds nothing new. Thus, Vernon's recantation is not a ground for relief on federal habeas corpus.

■ Marler asserts that the recantation requires at least an evidentiary hearing. However, an evidentiary hearing would serve no purpose. The version of events represented in the recantation was before the jury at Marler's trial. The jury, by its verdict of guilty, apparently chose to

---

**1.** Vernon initially gave a statement to the police and then later to the grand jury that petitioner was the one responsible for starting the fire in the storage room.

**1012**

ignore the version of events represented in Vernon's recantation. A federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts. *See Dunn v. Maggio,* 712 F.2d 998, 1001 (5th Cir.1983), *cert. denied,* 465 U.S. 1031, 104 S.Ct. 1297 (1984). *See also Amstead v. Maggio,* 720 F.2d 894, 896–97 (5th Cir.1983) (one witness' recantation of trial testimony does not require evidentiary hearing to consider newly discovered evidence).

The judgment of the district court is AFFIRMED.