IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60101
_____

ELROY EARL SAYRE,

                                        Petitioner-Appellant,

        versus

JAMES V. ANDERSON, SUPERINTENDENT, MISSISSIPPI STATE
PENITENTIARY; MICHAEL C. MOORE,

                                        Respondents-Appellees.

- - - - - - - - - - - - - - -

_____

No. 97-60239
_____

ELROY EARL SAYRE,

                                        Petitioner-Appellant,

        versus

MICHAEL MOORE, ATTORNEY GENERAL OF THE STATE OF
MISSISSIPPI; JAMES V. ANDERSON, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY,

                                        Respondents-Appellees.

Appeals from the United States District Court
for the Southern District of Mississippi

January 12, 2001

Before GARWOOD, HIGGINBOTHAM, and STEWART, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant Elroy Earl Sayre (Sayre) appeals the district court's denial of *habeas corpus* relief as to his Mississippi distribution of a controlled substance conviction. Sayre contends that: (1) trial counsel's failure to call certain alibi witnesses constituted ineffective assistance of counsel and (2) trial counsel's refusal to allow him to take the stand deprived him of his right to testify. We affirm the district court's denial of relief.

## Facts and Proceedings Below

Sayre is currently serving a twenty year sentence in the Central Mississippi Correctional Facility at Pearl, Mississippi imposed in respect to his August 1986 conviction for the September 1984 distribution of a controlled substance. The evidence at Sayre's trial reflected the following.

On September 18, 1984, an undercover employee of the Mississippi Bureau of Narcotics, David Jackson, visited Sayre at his trailer in Jackson County, Mississippi, requesting one-half pound of marihuana. Because Sayre did not then possess one-half pound of marihuana, the two agreed to meet at another of Sayre's

2

trailers to consummate the deal.

Agent Jackson met Sayre at his second trailer the next morning, ready to purchase the half-pound of marihuana. Sayre obtained a bag of marihuana from a patch of overgrown grass in his backyard, providing the same to Agent Jackson in exchange for $475.

During both of Agent Jackson's encounters with Sayre, he wore a body microphone. Thus, Jackson's conversations with Sayre were overheard by two other agents–Dean Shepard and Jay Eubanks. Unfortunately, the tape recording of the first conversation was inaudible. The state did not attempt to record the second conversation. All three agents testified at trial.

Allison Smith, a drug analyst at the State Crime Laboratory, identified the substance Agent Jackson purchased from Sayre as marihuana. Lonnie Arinder, a fingerprint examiner at the Mississippi Crime Lab, identified as Sayre's five fingerprints taken from the bag containing the marihuana. Smith and Arinder testified at trial.

On August 27, 1986, Sayre was tried by jury, convicted of distribution of a controlled substance, sentenced to serve twenty years in the custody of the Mississippi Department of Corrections and ordered to pay a $30,000 fine.

On direct appeal, Sayre was represented by the same attorney as at trial and advanced two points of error: (1) the trial court's failure to sustain his motion to quash the jury panel and declare

3

a mistrial (during *voir dire* a juror stated that she thought drug use was wrong) and (2) the trial court's failure to sustain his objection to the testimony of Dean Shepard and subsequent refusal to grant a mistrial on this basis. On December 9, 1987, the Mississippi Supreme Court affirmed Sayre's conviction. *Sayre v. State*, 515 So.2d 1238 (Miss. 1987).

On December 28, 1992, Sayre filed an application for leave to file a motion for post conviction relief. In his motion for post-conviction collateral relief, Sayre alleged ineffective assistance of counsel at trial and on direct appeal. Sayre complained of: (1) counsel's failure to call certain defense witnesses, (2) counsel's refusal to permit him to testify and (3) counsel's failure to "prosecute an adequate and effective [direct] appeal." Sayre complained of violations of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On June 21, 1994, the Supreme Court of Mississippi, pursuant to MISS. CODE ANN. § 99-39-21(1),[1] denied Sayre's motion for post-conviction collateral relief.

---

[1]MISS. CODE ANN. § 99-39-21(1):
"Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver."

4

On August 23, 1994, Sayre filed a petition for writ of *habeas corpus* under 28 U.S.C. § 2254 in the Southern District of Mississippi, advancing claims similar to those barred by the Mississippi Supreme Court. On August 10, 1995, the magistrate judge filed a Report and Recommendation suggesting that the writ be denied. Despite Sayre's objections thereto, on January 23, 1996, the district court adopted the magistrate judge's report and dismissed the petition with prejudice. Sayre filed his notice of appeal February 13, 1996. The district court denied a certificate of probable cause.

Thereafter, a judge of this Court granted Sayre's request for a certificate of probable cause. Sayre now argues two points: (1) trial counsel's failure to call certain alibi witnesses constituted ineffective assistance of counsel and (2) trial counsel's failure to call Sayre deprived him of his right to testify in his own defense. Sayre also contends that he is not procedurally barred from raising these issues.

**Discussion**

I.   Procedural Bar

When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment. *Coleman v. Thompson*, 111 S.Ct. 2546, 2553-54 (1991);

5

*Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995). The procedural default is not an adequate ground for denial of relief unless the state supreme court applies the bar "strictly or regularly . . . to the vast majority of similar claims." *Amos*, 61 F.3d at 339. Mississippi does not (or at least did not) usually apply section 99-39-21(1)'s procedural bar to ineffective assistance of trial counsel claims when, as was the case with Sayre, the defendant was represented by the same lawyer on direct appeal as at trial. *Martin v. Maxey*, 98 F.3d 844 at 848 (5th Cir. 1996); *Sones v. Hargett*, 61 F.3d 410, 416 n.9 (5th Cir. 1995) (citing *Wiley v. State*, 517 So.2d 1373, 78 (Miss. 1987)). Because Mississippi does not (or at least did not) strictly or regularly apply section 99-39-21(1) to bar claims like Sayre's, the state ground is not adequate and Sayre's claims are not barred.

II.  Ineffective Assistance of Counsel

A.  Failure to Call Defendant to Testify

Sayre complains that his lawyer's failure to call him to the stand, despite his repeated requests, effected a denial of his right to testify on his own behalf. Sayre asserts that he never agreed with counsel's decision not to call him, that he "later realized" he should have testified and that he never knowingly and intelligently waived his right to testify.

A criminal defendant has the right to take the stand and testify in his or her own defense. *Rock v. Arkansas*, 107 S.Ct.

6

2704, 2708 (1987).  Sayre contends only that his attorney interfered with his right to testify, not that the state trial court (or prosecutor) did so.  In *United States v. Brown*, 217 F.3d 247, 258-59 (5th Cir. 2000), this Court recently held that the "appropriate vehicle for such claims is a claim of ineffective assistance of counsel."[2]

In *Strickland v. Washington*, 104 S.Ct. 2052, 2064-68 (1984), the Supreme Court held that a defendant claiming ineffective assistance of counsel must show that: (1) trial counsel's performance was deficient and (2) the deficient performance prejudiced the defense.  Because ineffective assistance of counsel is a mixed question of law and fact, this Court reviews the district court's denial of habeas relief *de novo* (although crediting, if not clearly erroneous, the trail court's express or implied findings of discrete, historic facts).  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999).

1.  Deficient Performance

*Strickland* review is highly deferential; Sayre must overcome a strong presumption that counsel's decision not to place him on

---

[2]*Brown* also involved a claim by one defendant that the trial court interfered with his right to testify by failing to require a waiver on the record.  *Brown* noted that in the habeas context, the panel in *United States v. Martinez*, 181 F.3d 627, 628 (5th Cir. 1999), declined to articulate what degree of substantiation is required from a habeas petitioner claiming deprivation of the right to testify.  *Brown*, 217 F.3d at 258 & n.9.  Because Sayre's petition only implicates his counsel's actions, we need not elaborate further on this point.

7

the stand was sound trial strategy. *Id.* at 2065-66. This Sayre cannot do.

Mississippi points out that Sayre was represented by the same counsel at a prior trial involving another sale of marihuana to Agent Jackson.[3] At that earlier trial, Sayre raised the defense of entrapment and testified on his own behalf. *Sayre v. Mississippi*, 533 So.2d 464, 466 (Miss. 1988). On cross-examination, Sayre admitted to dealing in marihuana since August of 1984. *Id.* Sayre went on to explain that he was forced to traffic in marihuana because the only other way he could support his family was to rob a bank. Had Sayre taken the stand in the August 1986 trial, Mississippi would not have been able to question him about his predisposition to sell marihuana because he was not asserting the defense of entrapment as to the offense then on trial. However, Mississippi is correct that Sayre's testimony in the earlier trial was highly prejudicial to him. We conclude that a reasonable attorney, considering Sayre's prior performance on the stand, could have decided that the potential risks of Sayre testifying outweighed the potential benefits.

2. Prejudice

---

[3]On July 31, 1985, Sayre was tried and convicted of distribution of a controlled substance on October 4, 1984.

*Strickland's* prejudice element requires Sayre to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 104 S.Ct. at 2068.

Because counsel's performance was not deficient, it is not necessary to consider whether the challenged decision undermines confidence in the outcome of Sayre's second trial. However, we observe that Sayre's self-serving conclusory statement that his testimony would have resulted in an acquittal, standing alone, falls far short of satisfying *Strickland's* prejudice element. Neither here nor below has Sayre alleged anything further. Sayre fails, as he did below, to explain what his testimony would have been. Thus, we have no idea how this testimony could have made a different outcome reasonably probable. Considering the overwhelming evidence of Sayre's guilt, we cannot conceive of anything Sayre could have said that would have provided *any* reasonable possibility of a different outcome. The testimony of Agent Jackson was unimpeached and the plastic bag containing the marihuana was covered with five of Sayre's fingerprints.

B. Failure to Call Other Witnesses

Sayre opines that counsel was ineffective for failing to call favorable witnesses "that could have given testimony that he

9

[Sayre] was not at the alleged crime scene . . . ."  Sayre does not, and did not below, identify any of the favorable witnesses or otherwise suggest what they would have testified to (e.g., there is no indication of where they would have said Sayre was at the time of the offense), but he does state that one witness had been threatened by the district attorney.

We note that:

> "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. [Citation omitted.] Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution."

*Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).  *See also Marler v. Blackburn*, 777 F.2d 1007, 1010 (5th Cir. 1985); *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984); *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978).

### 1.   Deficient Performance

Sayre does not, and did not below, explain what his counsel was (or should have been) aware of at the time of trial that should have caused him to call these unidentified witnesses or why the favorable witnesses (whoever they are) were not called.  A prisoner's bald conclusory assertion that supposed "alibi" witnesses were not called does not serve to "overcome the strong presumption that his counsel's actions were reasonable."  *Marler*,

777 F.2d at 1010.

### 2. Prejudice

Sayre has never provided any court with affidavits (or similar matter) from any of the unidentified favorable witnesses suggesting what they would have testified to. It is clear that Sayre's conclusory speculation about the effect of the unidentified favorable witness' testimony falls far short of the prima facie showing of prejudice necessary for the evidentiary hearing Sayre requests. *Cockrell*, 720 F.2d at 1427.

## Conclusion

We conclude that Sayre was not deprived of effective assistance of counsel. The decision of the district court denying Sayre's section 2254 petition is AFFIRMED.