# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-70028

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2016

Lyle W. Cayce
Clerk

DAMON ROSHUN MATTHEWS,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1939

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Petitioner-Appellant Damon Matthews ("Matthews") seeks a certificate of appealability ("COA") to appeal the district court's denial of habeas relief and denial of a COA on his petition under 28 U.S.C. § 2254. He claims he was deprived of his Sixth Amendment right to effective assistance of counsel when his trial counsel allegedly failed to adequately investigate and present

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-70028

mitigation evidence at the punishment phase of his capital murder trial. Specifically, he argues that he may suffer from organic brain damage relating to his mother's drug and alcohol use while he was in the womb (referred to variously as Fetal Alcohol/Drug Syndrome or Fetal Alcohol Spectrum Disorder, hereinafter "FASD"). Matthews's state habeas counsel failed to raise that claim in his first state habeas proceeding, so it is procedurally defaulted unless he can show that his state habeas counsel rendered ineffective assistance in failing to assert it under *Martinez v. Ryan,* —U.S. —, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012) (hereinafter *Martinez*), and *Trevino v. Thaler,* —U.S. —, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013) (hereinafter *Trevino*).

The district court found that Matthews failed to satisfy the *Martinez*/*Trevino* exception to the procedural default bar and that even if he had, he was not entitled to relief on the merits because he failed to show that his state trial counsel rendered ineffective assistance under either the deficient performance or prejudice prongs of *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The district court also denied a COA. Matthews then filed his petition for a COA in this Court. Because we conclude that no reasonable jurist could debate the district court's holding that Matthews failed to satisfy the *Martinez*/*Trevino* exception to the procedural default doctrine, we deny a COA.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2004, Matthews was convicted and sentenced to death for the March 6, 2003, murder of Esfandiar Gonzalez near Houston, Texas, and the Texas Court of Criminal Appeals affirmed on direct appeal.[1] In addition to his direct appeal, Matthews pursued state habeas relief, asserting a number of claims.

---

[1] *Matthews v. State*, No. 74,936, 2006 WL 1752169, at \*1–3 (Tex. Crim. App. June 28, 2006).

No. 15-70028

Notably, his state habeas counsel did not assert a claim of ineffective-assistance-of-trial-counsel for his state trial counsels' failure to present certain mitigating evidence.

In his later federal habeas petition, Matthews did assert a claim that his trial counsel rendered ineffective assistance for failing to investigate and present mitigation evidence concerning his possible FASD. He admits that he did not first file that claim in his state habeas proceeding, and the Texas Court of Criminal Appeals had barred him from asserting it subsequently under the abuse of the writ doctrine. Ordinarily, such a failure to satisfy state procedural requirements would have resulted in a procedural default of his federal claim as well.[2] The district court explained how Matthews intended to get around the procedural default bar:

> Matthews, however, argues that his state habeas counsel rendered ineffective assistance by failing to raise these claims. Citing *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), he argue[s] that such ineffective assistance of counsel constitutes cause for his procedural default.
>
> In *Martinez*, the Supreme Court carved out a narrow equitable exception to the rule that a federal habeas court cannot consider a procedurally defaulted claim of ineffective assistance of counsel.
>
>> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim . . . where appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 . . . (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial counsel claim is a substantial one,

---

[2] *See, e.g.*, *Sayre v. Anderson*, 238 F.3d 631 (5th Cir. 2001).

which is to say that the prisoner must demonstrate that the claim has some merit.

*Martinez v. Ryan*, 132 S. Ct. 1309, 1318-19 (2012). This Court must thus determine whether state habeas counsel was ineffective and, if so, whether the underlying claims of ineffective assistance of trial counsel are substantial.

To prevail on a claim for ineffective assistance of counsel, Petitioner

> must show that . . . counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to prevail on the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687-88. Reasonableness is measured against prevailing professional norms, and must be viewed under the totality of the circumstances. *Id.* at 688. Review of counsel's performance is deferential. *Id.* at 689.

In the context of a capital sentencing proceeding, "the question is whether there is a reasonable probability that, absent the errors, the sentence . . . would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." *Strickland*, 465 U.S. at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.[3]

Under the *Martinez/Trevino* framework, Matthews does not really focus on his state habeas counsel's independent ineffective assistance; rather, he suggests that his underlying ineffective-assistance-of-trial-counsel claim is so substantial that his state habeas counsel erred by failing to assert it in his first

---

[3] *See Matthews v. Stephens*, No. H-12-1939, at 8-11 (Aug. 4, 2015) (hereinafter "District Court Opinion").

state habeas proceeding. With respect to his ineffective-assistance-of-trial-counsel claim, Matthews asserts that his trial counsels' investigation into mitigation evidence was deficient under *Strickland* and *Wiggins v. Smith*, 539 U.S. 510, 523, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003), discussed below.

Matthews argues that if his trial counsel had conducted a better investigation, they would have discovered evidence that his mother's use of drugs and alcohol during her pregnancy with Matthews may have caused him to develop organic brain damage in the form of FASD. He also contends that information regarding his mother's drug and alcohol use was available to trial counsel at the time. Relying on the testimony of experts retained in this federal habeas proceeding, Matthews claims FASD may have caused psychiatric and neuropsychiatric problems, and trial counsels' failure to investigate and develop evidence of FASD, as well as present it to the jury, prejudiced him.

Tracking Matthews's arguments, the district court primarily focused on whether or not his underlying ineffective-assistance-of-trial-counsel was substantial. The district court found that Matthews failed to demonstrate either the performance or prejudice prong of *Strickland*. On the performance prong, the district court noted that Matthews's trial counsel *did* know of the factual basis for an FASD claim. In fact, they filed pretrial motions seeking, inter alia, funding to retain a psychologist and mitigation specialist, specifically noting the importance of reviewing records relevant to Matthews's mental health, possible FASD, and related factors. His trial counsel actually retained a mental health expert, Dr. Gilda Kessner, and a mitigation specialist, Gina Vitale, and neither of them ever advised counsel that neuropsychological testing was advisable. Accordingly, the district court concluded that the mitigation investigation in this case was entitled to *Strickland* deference:

No. 15-70028

Under the *Strickland* standard, counsel are required to conduct reasonable investigation under prevailing professional norms. *Strickland*, 466 U.S. at 688. Counsel are not expected to be experts in all fields possibly related to the defense of a criminal defendant. As such, counsel can reasonably rely on the advice of those who are experts in those fields. *See, e.g.*, *McClain v. Hall*, 552 F.3d 1245, 1253 (11th Cir. 2008) (counsel reasonably relied upon expert mental health advice, notwithstanding that petitioner later obtained a more favorable expert opinion). Keeping in mind *Strickland*'s admonition that "[j]udicial scrutiny of counsel's performance must be highly deferential", *Strickland*, 466 U.S. at 698, this Court cannot conclude that counsel unreasonably failed to investigate neuropsychiatric problems when their experts did not indicate that such investigation was necessary.[4]

The court concluded that even if Matthews had shown that his counsel rendered deficient performance, he had failed to show that the deficiency prejudiced him. It noted that Matthews's trial counsel presented a great deal of mitigating evidence, including: his mother's substance abuse problems and AIDS-related death; the death of several other family members during his childhood; the absence of his father; and positive testimony from ministers and counselors. Dr. Kessner testified that Matthews had several risk factors for youth violence, that his behavior was affected by childhood traumas and his not receiving mental health treatment while growing up, and that his propensity for violence would likely decrease with age, especially given that he would receive drug, grief, and vocational counseling in prison. In sum, Matthews's trial counsel presented a substantial mitigation case.

The district court found that his trial counsels' failure to investigate and introduce evidence of his potential FASD was not prejudicial, in large part because it would be "double-edged." Specifically:

Offering a diagnosis of Fetal Alcohol/Drug Syndrome as a partial explanation of Matthews' violent (and, in this case, deadly)

---

[4] District Court Opinion at 11-13 (footnote and record citations omitted).

behavior would inform the jury that Matthews' violent tendencies are at least partially caused by a permanent brain disorder. Such evidence might serve to undercut Dr. Kessner's testimony that Matthews is likely to become less violent as he ages, and would strengthen the State's argument that Matthews is likely to commit future acts of criminal violence.

Unlike counsel in *Wiggins*, who presented no evidence about the defendant's extremely difficult life, *see* 539 U.S. at 517, Matthews' counsel presented extensive mitigating evidence. That evidence included information that Matthews' mother was a substance abuser who died of AIDS when Matthews was a child. Topping off the information with a formal diagnosis of Fetal Alcohol/Drug Syndrome would have added little new information to the mitigation case, but would have strengthened the State's case for future dangerousness. Therefore, there is no reasonable probability that evidence of Fetal Alcohol/Drug Syndrome would have changed the outcome of the sentencing proceeding.[5]

In short, the district court concluded that Matthews failed to demonstrate under *Martinez*/*Trevino* that the underlying ineffective-assistance-of-trial-counsel claim was substantial under either prong of *Strickland*. Thus, the court concluded that the claim remained procedurally defaulted even under *Martinez*/*Trevino*, but even if it were not procedurally defaulted, the underlying claim had no merit. It therefore dismissed his habeas petition with prejudice and denied a COA.

## II.    APPLICABLE LAW

### A.    JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction in this application for a COA from the district court's denial of habeas relief under 28 U.S.C. § 2254 pursuant to 28 U.S.C. § 1291 and 2253(c)(1)(B).

---

[5] District Court Opinion at 15-17.

No. 15-70028

Under 28 U.S.C. § 2253(c), Matthews may only appeal if he obtains a certificate of appealability, and he may only obtain one if he makes "a substantial showing of the denial of a constitutional right," and the "specific issue or specific issues" must be indicated in the COA.[6] To meet this standard, Matthews must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement proceed further."[7]

## B.    *WIGGINS*

This COA application involves essentially the same legal issues which we discussed at length in our recent decision in *Trevino v. Davis*, 829 F.3d 328 (5th Cir. 2016) (hereinafter *Trevino v. Davis*), on remand from the Supreme Court in *Trevino*. Most relevantly, it concerns the Supreme Court's analysis of a claim for failure to investigate and present mitigation evidence in *Wiggins*.[8] In *Wiggins*, the petitioner's trial counsel did not conduct much of an investigation or put on an actual mitigation case; they merely made a proffer to the trial court of the type of mitigation case they would have presented if the trial court had granted a bifurcation motion.

The petitioner sought state habeas relief, asserting an ineffective-assistance-of-trial-counsel claim for failure to investigate. In support, he submitted a social worker's "extensive social history report detailing severe physical and sexual abuse by his own father and mother as well as various foster parents," as well as testimony regarding his trial attorneys' failure to investigate mitigating evidence. His trial counsel had decided to focus on the

---

[6] 28 U.S.C. § 2253(c)(2) and (3).

[7] *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003) (internal quotations and citations omitted).

[8] *See Trevino v. Davis*, 829 F.3d at 341-46.

guilt phase of trial rather than punishment, and they did not retain a social worker to prepare a social history, even though the state had made funds available for that purpose. The state habeas court denied relief on the ground that the trial counsels' decision to focus on the factual case constituted a trial tactic protected by *Strickland*'s "heavy measurement of deference."

The Supreme Court eventually reversed. First, it explained that a trial attorney's decision not to present mitigation evidence is only justified after that attorney has fulfilled his or her "obligation to conduct a thorough investigation of the defendant's background."[9] The Court emphasized that under *Strickland*, courts must objectively review trial counsels' performance for "reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time."[10]

The Court explained that not only was the trial counsels' extremely limited-scope investigation deficient on its own, but even that deficient investigation disclosed facts which would have led a reasonable attorney to investigate further, including his mother's alcoholism, his time in various foster homes, his apparent emotional difficulties, and his poor treatment at the hands of caretakers.[11] The Court emphasized that the trial counsels' decision not to put on a mitigation case was inexcusable because the attorneys had simply failed to conduct any reasonable investigation.[12] It summed up:

> In finding that [the trial counsels'] investigation did not meet *Strickland's* performance standards, we emphasize that *Strickland* does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the

---

[9] *Wiggins*, 539 U.S. at 522 (citing *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389, 396 (2000), and *Strickland*, 466 U.S. at 690-91).

[10] *Id.* at 523 (internal quotation marks and citations omitted).

[11] *Id.* at 523-25.

[12] *Id.* at 525.

effort would be to assist the defendant at sentencing. Nor does *Strickland* require defense counsel to present mitigating evidence at sentencing in every case. Both conclusions would interfere with the "constitutionally protected independence of counsel" at the heart of *Strickland*. We base our conclusion on the much more limited principle that "strategic choices made after less than complete investigation are reasonable" only to the extent that "reasonable professional judgments support the limitations on investigation." A decision not to investigate thus "must be directly assessed for reasonableness in all the circumstances."[13]

The Supreme Court also concluded that his trial counsels' deficient performance also prejudiced him because the mitigation evidence they failed to uncover was "powerful." It showed a history of severe abuse, starting with his "alcoholic, absentee mother" and continuing through an unbroken series of extreme hardships—"the kind of troubled history we have declared relevant to assessing a defendant's moral culpability."[14] Because Wiggins had satisfied both prongs of *Strickland*, the Supreme Court reversed and remanded.

## III. ANALYSIS

Matthews continues to focus on whether his underlying ineffective-assistance-of-trial-counsel claim is "substantial" without really addressing whether his state habeas counsel was ineffective for failing to assert the claim in the initial state habeas proceeding. Those are two different inquiries, as our recent opinion in *Trevino v. Davis* illustrates. A procedural default is not excused under *Martinez/Trevino* simply because the ineffective-assistance-of-trial-counsel claim is "substantial"; a petitioner must show that his state habeas counsel was ineffective for failing to bring it.

In *Trevino v. Davis*, we noted that although much of Trevino's second amended habeas petition was devoted to his ineffective-assistance-of-trial-

---

[13] *Id.* at 533 (citations omitted).
[14] *Id.* at 534-35.

counsel claim (i.e., to whether or not that claim was substantial), it also specifically argued that his state habeas counsel was ineffective because "there was an immense amount of material not included in the record indicating that trial counsel had indeed been ineffective at the punishment phase of trial," and his state habeas counsel had violated his independent "duty and obligation to undertake an investigation to determine whether such a claim was a viable one."[15]

The crux of the petitioner's claim in *Trevino v. Davis* concerning his state habeas counsel's independent ineffective assistance was the fact that his trial counsel's mitigation investigation was "facially deficient" and thus would have a put a reasonably competent state habeas attorney on notice as to the possibility of an ineffective-assistance-of-trial-counsel claim. We agreed:

> In this case, Trevino's state trial counsel presented only one mitigation witness and no other evidence during the punishment phase. The deficiency in that investigation would have been evident to any reasonably competent habeas attorney. Thus, we conclude that reasonable jurists not only could debate the correctness of the district court's conclusion on the *Martinez/Trevino* issue, but would agree that the district court reached the wrong conclusion.[16]

*Trevino v. Davis* illustrates that the issue of state habeas counsel's performance is separate from the issue of state trial counsels' performance under *Martinez/Trevino*. It also illustrates the type of deficiency in a mitigation record that might put state habeas counsel on notice to investigate a *Wiggins* claim. In *Trevino v. Davis*, we concluded that the state habeas counsel should have known to investigate the possible basis of an ineffective-assistance-of-trial-counsel claim because trial counsel had put on only a single lay witness, Trevino's aunt, and even that brief testimony (approximately five pages)

---

[15] 829 F.3d at 348 (quoting habeas petition).
[16] *Id.* at 349.

indicated that additional investigation might have turned up more fruitful mitigating evidence. The state habeas attorney should have been on notice of a possible claim largely because of the paucity of mitigating evidence presented.

Simply put, the mitigation case investigated and presented by Matthews's trial counsel was infinitely better than the mitigation case in *Trevino v. Davis*. The record in this case shows an abundance of mitigating evidence, presented in multiple volumes of punishment phase transcripts. Trial counsel retained a mitigation specialist and clinical psychologist, and that psychologist testified, along with Matthews's family members, as to his social history, including his mother's substance abuse, his difficult life, and virtually all of the other factors highlighted in *Wiggins* as being relevant to a good mitigation defense. Indeed, the mitigation case presented here sounds precisely like "the kind of troubled history we have declared relevant to assessing a defendant's moral culpability."[17]

Examining the record as it would have appeared at the time of the first state habeas proceeding, we conclude that no reasonable jurist would debate whether Matthews's state habeas counsel rendered ineffective assistance for failing to assert an ineffective-assistance-of-trial-counsel claim for failure to conduct a constitutionally sufficient mitigation investigation. The mitigation evidence presented at trial, in terms of both quantity and quality, would not suggest to a reasonable habeas attorney that Matthews's trial counsel rendered ineffective assistance. *Strickland* does not require a perfect defense, only a constitutionally sufficient defense, and the investigation and evidence presented are a far cry from the facts of *Wiggins*, *Trevino v. Davis*, and similar cases.

---

[17] *Wiggins*, 539 U.S. at 534-35.

No. 15-70028

We conclude that no reasonable jurist would debate the district court's resolution of the question of whether Matthews's state habeas counsel rendered ineffective assistance by failing to bring an insubstantial ineffective-assistance-of-trial-counsel claim pertaining to Matthews's possible FASD. Consequently, no reasonable jurist would debate whether he can overcome the procedural default bar under *Martinez*/*Trevino*. Accordingly, Matthews is not entitled to a COA.

COA DENIED.