# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30354
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2016

Lyle W. Cayce
Clerk

LUCAS J. RODDY,

Petitioner-Appellant

v.

DARRELL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

-----------------------------------------------------------------------------------------------------------

LUCAS RODDY,

Petitioner-Appellant

v.

DARRELL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-800
USDC No. 3:11-CV-730

Before KING, DENNIS, and COSTA, Circuit Judges.

No. 15-30354

PER CURIAM:[*]

Lucas J. Roddy, Louisiana prisoner # 458846, was convicted by a jury of second degree murder and was sentenced to life imprisonment.  His 28 U.S.C. § 2254 petition attacking the second degree murder conviction was denied; however, the district court granted a certificate of appealability (COA) on Roddy's claim that he was denied the right to testify at trial.

As to this claim, Roddy argues that his decision not to take the witness stand was not knowingly made because his counsel advised him not to testify based on the mistaken belief that Roddy's juvenile record could be used against him.  Roddy does not indicate what specific testimony he could have given that might have changed the outcome of the trial, but he asserts that he was prejudiced by counsel's advice because only he could have testified as to his mental state and rebutted the testimony of the prosecution's witnesses regarding the relevant events.

In reviewing the denial of § 2254 relief, we review issues of law de novo and findings of fact for clear error, applying the same deference to the state court's decision as the district court under the Antiterrorism and Effective Death Penalty Act (AEDPA).  *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007); *see* 28 U.S.C. § 2254(d).  A claim of ineffective assistance of counsel is measured against the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 687 (1984), which requires that Roddy show both deficient performance by counsel and resulting prejudice.  *See Williams v. Thaler*, 684 F.3d 597, 604 (5th Cir. 2012).    A failure to establish either prong defeats the claim.  *Strickland*, 466 U.S. at 697.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30354

A defendant has a fundamental constitutional right to testify. *See Rock v. Arkansas*, 483 U.S. 44, 49-52 (1987). A waiver of this right must be knowing and voluntary, and it must be made by the defendant rather than his counsel. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1998). We have held that when a defendant contends that trial counsel interfered with his right to testify, "the appropriate vehicle for such claims is a claim of ineffective assistance of counsel." *United States v. Mullins*, 315 F.3d 449, 452 (5th Cir. 2002) (internal quotation marks and citation omitted).

The record supports a determination that Roddy acquiesced in counsel's advice that he not testify; however, to the extent that counsel's advice was based on the premise that Roddy would be subject to attack due to his juvenile record, counsel's advice was suspect in view of Louisiana Code of Evidence Article 609.1F. Assuming that counsel's advice not to testify constitutes deficient performance, after a thorough review of the trial record, we agree with the magistrate judge and the district court that the evidence adduced against Roddy at trial was overwhelming, and therefore Roddy's claim does not satisfy the prejudice prong. *See Strickland*, 466 U.S. at 694; *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). We do so under a *de novo* application of *Strickland*'s prejudice requirement, not the deference AEDPA affords, because the state court resolved this claim only under the first inquiry of deficient performance. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (noting that AEDPA deference is not afforded when the state court addressed only the other *Strickland* prong). Given the numerous witnesses who testified at trial, Roddy has not shown that the unspecific testimony he contends he would have given makes it reasonably probable that the result of his trial would have been different. *Id.* (setting forth non-AEDPA prejudice standard for *Strickland* claim).

Roddy requests that the COA be expanded to include two additional claims.  When a district court grants a COA and certifies some, but not all, issues raised by a petitioner in the district court, the petitioner may move this court to extend the order granting a COA to issues that the district court did not certify.  *United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  We review the request to expand the COA under the same criteria for granting a COA.  *Id.*

A COA may be issued only if the applicant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  *Id.*  When a district court has rejected a constitutional claim on the merits, a COA will be granted only if the movant "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.

Roddy seeks to expand the COA grant to include claims that his trial counsel was ineffective for (1) failing to seek DNA testing of clothing possibly worn by the shooter, which was found in a barbecue pit, and (2) failing to interview and call to testify at trial a potential alibi witness, Michael Blair.  As Roddy points out, the state court did not address the merits of the claim that counsel was ineffective for failing to seek DNA testing, and accordingly the claim is reviewed de novo and "not through the prism of AEDPA deference."  *Mays v. Stephens*, 757 F.3d 211, 217 n.11 (5th Cir. 2014).  Nevertheless, Roddy fails to make the showing required to obtain a COA as to either claim.  *See*

*Slack*, 529 U.S. at 484. As to the claim based on the failure to conduct DNA testing, Roddy has put forth no evidence concerning the results of any such testing from which to establish prejudice under *Strickland*. On the ineffectiveness issue related to the alleged alibi, Roddy has not shown that the district court's rejection of that claim on prejudice grounds is subject to reasonable debate in light of the AEDPA deference that governs this claim.

In view of the foregoing, the judgment of the district court is AFFIRMED. Roddy's request to expand the COA is DENIED.