John MAYS, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 79–2751
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 23, 1980.

Robert N. Udashen, Dallas, Tex. (court-appointed), for petitioner-appellant.

Charles A. Sharman, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This appeal is from the denial by the district court of an application for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by John Mays, an inmate of the Texas Department of Corrections. Mays seeks relief from a life sentence imposed upon him following his conviction for the rape of the twelve-year-old daughter of his common law wife. The conviction was affirmed by the Texas Court of Criminal Appeals in January, 1974. *Mays v. State*, No. 47,886 (Tex.Cr.App. January 16, 1974).

Petitioner asserts as grounds for habeas relief that his trial attorney was ineffective because he failed to obtain an alibi witness for petitioner's defense, he failed to object to petitioner's appearing at the trial in handcuffs and chained to his chair, and the attorney denied petitioner the right to testify in his own behalf. It is not necessary to go into great detail concerning the facts of the offense; however, some essential facts should be stated for the purpose of clarity. A Dallas police officer testified that he was

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

told by some children that a rape was in progress in a park or playground in an apartment complex, that he went to such location, and that he observed the defendant in the act of dragging the complaining witness along by the arm while at the same time trying to pull his pants up. The defendant in the criminal case, who is the petitioner here, eluded the officer at that time but was arrested a short while later at his apartment. The girl was taken to Parkland Hospital by a police officer, and the child's mother and a doctor from that institution testified that the child suffered from a ruptured hymeneal ring and bruises to her lateral vaginal wall. These injuries required general anesthesia and surgery and a two-day confinement in the hospital. The child identified petitioner as her assailant to the police officer and at his trial. Her testimony at trial was very specific and she stated in no uncertain terms that petitioner did, in fact, rape her.

■ Petitioner's first complaint was to the effect that his court-appointed attorney was ineffective because the attorney did not obtain a necessary alibi witness. The alibi witness in question, according to petitioner's testimony at the hearing on his habeas petition before the United States Magistrate, was the mother of the rape victim, who was also the common law wife of the petitioner. Petitioner testified before the Magistrate that he wanted and expected the woman to testify that she had asked him to go out with the children—the victim and her younger brother—when they went to the washateria near the park where the rape occurred. However, the victim testified at the trial that petitioner did, in fact, go out with her and her younger brother to the washateria and there really was no conflict as to that evidence. The testimony desired by petitioner cannot in any sense be considered alibi; the most it could show was that the child's mother knew that he was with the children which would not be particularly surprising since the children lived with him in the house with their mother.

■ Petitioner's complaint that he was denied the right to testify by his defense counsel must be viewed in the light of his testimony at the evidentiary hearing before the United States Magistrate. At that hearing petitioner testified that he asked his lawyer during the trial if he could testify, and that the lawyer explained to him and told him it would be better that he not testify but that he exercise his right to remain silent and not take the witness stand. In light of the fact that petitioner had a record of convictions which could be used against him if he had chosen to testify, and in light of the fact that he was practically caught in the act of committing the offense of rape by a Dallas police officer, it cannot be said that defense counsel was ineffective because he advised petitioner to exercise his right to remain silent. Thus, there is no merit to petitioner's claim that his court-appointed lawyer was ineffective because he advised the petitioner not to testify. *Cf. Wright v. Estelle*, 572 F.2d 1071 (5th Cir. 1978) (en banc), *aff'g*, 549 F.2d 971 (5th Cir. 1977).

The ground most strongly urged by petitioner in support of his application for habeas corpus relief is that his attorney did not object when he was brought into the courtroom in handcuffs and chains, and displayed thus before the jury. While petitioner testified in the hearing before the United States Magistrate that there was no cause for the restraints, several witnesses testified otherwise. Two assistant district attorneys involved in the case testified that they were told by guards that petitioner was violent. One of these witnesses recalled that he was informed that petitioner did not want to be tried and that it took several guards to get him to the jail elevator and down to the courtroom. Petitioner's trial attorney was informed of the incident. Based on what the guards had stated, the attorneys went before the trial judge and informed the judge regarding petitioner's propensity for violence; the judge ordered petitioner shackled during the trial. A psychiatrist who examined petitioner prior to trial also testified regarding petitioner's violent tendencies. This

witness described petitioner's behavior as "unpredictable [concerning] what he might do or to what extent he might go in order to influence the people [that he was too sick to stand trial]." The psychiatrist further testified that he talked to the judge, informing him of petitioner's violent character and recommending added security measures. In the opinion of the psychiatrist, the shackles were the only way to control petitioner other than not allowing him to come to court.

In *United States v. Theriault*, 531 F.2d 281, 284 (5th Cir. 1976), *cert. denied*, 429 U.S. 898, 97 S.Ct. 262, 50 L.Ed.2d 182, this Court stated:

> An accused person is presumed innocent and is, therefore, entitled to the indicia of innocence in a jury trial. In some circumstances, however, this right must bow to the competing interests of other courtroom participants and society in general. *See generally Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). Shackling is an extreme measure, but in some circumstances it is necessary for the safe, reasonable and orderly progress in trial. *See, e. g., Kennedy v. Cardwell*, 487 F.2d 101 (6th Cir. 1973), *cert. denied*, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974); *United States v. Roustio*, 455 F.2d 366 (7th Cir. 1972) (principles apply to witnesses for defendant). The decision to shackle lies within the sound discretion of the trial court and will not be overturned by reviewing courts unless that discretion was abused. *Woodards v. Cardwell*, 430 F.2d 978, 982 (6th Cir. 1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971); *Hardin v. Estelle*, 365 F.Supp. 39, 45–47 (W.D.Tex.), *aff'd on other grounds*, 484 F.2d 944 (5th Cir. 1973).

The evidence before the district judge who denied the application for habeas corpus and the evidence in the record presently before us clearly demonstrate that petitioner's propensity for violence was evidenced by his resistance to being tried and by his conduct before trial. The trial judge and the defense counsel were reasonable in believing that petitioner might resort to violence at trial if not shackled. Thus, defense counsel, who participated in the discussions regarding the matter prior to the commencement of the trial and failed to object to the action of the trial judge in ordering the defendant shackled, cannot be faulted.

The action of the district court in denying habeas corpus relief is AFFIRMED.