IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-10524

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

MICHAEL JOHN MULLINS,

Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Texas

---

December 16, 2002

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Federal prisoner Michael John Mullins claims that he was denied the effective assistance of counsel when his trial counsel prevented him from testifying in spite of his repeated requests to do so. The district court granted his petition, and the government appeals. We reverse.

I.

Mullins was involved in a drug deal in which undercover officers traded a television for drugs at a residence Mullins

shared with his girlfriend. At the conclusion of their investigation, police officers executed an evidentiary search warrant to recover the television from Mullins's residence. During a protective sweep of the apartment, the officers discovered a shotgun in a bedroom closet. They disarmed it and left it in the bedroom. Mullins was not arrested during the execution of the warrant and remained on the front porch along with a friend. Approximately a half hour later, Mullins spoke to Officer South on the porch. Exactly what was said is in dispute. The officer testified that Mullins told him that he had purchased the shotgun on the street, and did not want it if it was stolen. The officer had Mullins retrieve the gun, and gave Mullins a receipt which Mullins signed stating that he had bought the gun on the street. Mullins's present explanation is that he told the officer that the gun was not his, that his girlfriend had bought it on the street, that it may be stolen, and that he did not want it around; that he could not read the receipt because he did not have his glasses and would not have signed it had he known that it stated he admitted ownership of the gun.

Mullins was indicted by a federal grand jury on the charge of felon in possession of a shotgun under 18 U.S.C. § 922(g)(1). During the execution of an arrest warrant at Mullins's new residence, Mullins's girlfriend consented to a search of the residence. Officers found two handguns in a nightstand next to the bed Mullins and his girlfriend shared, and drug paraphernalia in a

closet in the bedroom. In a superseding indictment, Mullins was indicted on a second count of felon in possession of a firearm for the two handguns.

Mullins was represented by counsel at a jury trial. He was found guilty on Count 1, involving the shotgun, but the jury could not reach a unanimous verdict on Count 2, involving the handguns. Mullins was sentenced to imprisonment for 235 months, followed by five years supervised release, based on his prior convictions. Count 2 was dismissed on government motion.

On appeal, Mullins argued that the trial court gave an erroneous jury instruction on reasonable doubt and used an invalid prior conviction to enhance his sentence. This court affirmed his conviction and sentence.

More than four years after his trial, Mullins filed a petition under 28 U.S.C. § 2255 asserting that his counsel prevented him from testifying at his trial over his expressed desire to do so. The district court summarily dismissed Mullins's motion as untimely. In April 2000, this court granted Mullins's request for a COA "on the issue whether the district court erred in determining that Mullins's claim that counsel was ineffective in preventing him from testifying was procedurally barred" and remanded to the district court for further proceedings.

The magistrate judge held an evidentiary hearing. After hearing testimony from Mullins and his trial counsel, the magistrate judge concluded that Mullins's petition was not time-

3

barred, and recommended that his petition based on a claim of ineffective assistance of counsel be granted. Over the government's timely objections, the district court accepted the magistrate judge's findings and recommendations and entered judgment granting Mullins's § 2255 petition. The government timely appeals.

## II.

A criminal defendant's right to testify is well established.[1] Only the defendant may waive this right, not his counsel,[2] and it must be knowing and voluntary.[3] We distinguish between interference with that right by defense counsel, and interference by the court or prosecutor.

In *Sayre v. Anderson*, we held that where the defendant contends that his counsel interfered with his right to testify, the "appropriate vehicle for such claims is a claim of ineffective assistance of counsel."[4] If there is a claim that the court or prosecutor has interfered with the right to testify there is a

---

[1] *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Rock v. Arkansas*, 483 U.S. 44 (1987)).

[2] *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997).

[3] *Id.*

[4] *Sayre*, 238 F.3d at 634 (quoting *United States v. Brown*, 217 F.3d 247, 258-59 (5th Cir. 2000), *vacated and remanded on other grounds sub nom. Randle v. United States*, 531 U.S. 1136 (2001).

different standard.[5]  Mullins asserts that his counsel interfered with his right to testify, and the district court applied the *Strickland* standard.

*Strickland* requires that a defendant show both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.[6]  Ineffective assistance of counsel is a mixed question of law and fact, and we review the district court's grant of habeas relief *de novo*, while crediting the district court's express or implied findings of discrete historic fact that are not clearly erroneous.[7]

### III.

To satisfy the first element of *Strickland*, the defendant must show that "counsel's performance fell below an objective standard of reasonableness."[8]  In determining whether counsel's performance was deficient, we must be highly deferential to counsel's trial

---

[5] *See id*. at n.2; *see also Brown*, 217 F.3d at 258-59 (acknowledging a substantive right to testify where the court's conduct was challenged, and performing a *Strickland* analysis where only defense counsel's conduct was at issue); *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001) (recognizing both a substantive right to testify claim where the defendant asserted that the trial court had erred in not *sua sponte* questioning him about whether he was voluntarily waiving his right to testify and an ineffective assistance of counsel claim where the defendant alleged that his counsel failed to allow him to testify).

[6] *Sayre*, 238 F.3d at 634 (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)).

[7] *Id.* at 634-35 (citing *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999)).

[8] *Brown*, 217 F.3d at 259 (citing *Strickland,* 466 U.S. at 687).

5

strategy.[9]  In the past, we examined counsel's decision on whether a defendant will testify as part of counsel's trial strategy.[10]  In examining that strategy, we keep in mind that "the decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight."[11]

At the same time it cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice. We have decided several cases where the defendant alleged that his counsel in some way prevented him from testifying.[12]  In those cases, we have often found that the record did not support the defendant's claim, concluding that the defendant agreed with his counsel's sound trial strategy that he not testify.[13]  In other

---

[9] *Sayre*, 238 F.3d at 635.

[10] *See, e.g., Id.* (stating that the defendant must overcome a strong presumption that counsel's decision not to place the defendant on the stand was sound trial strategy); *Robison v. Johnson*, 151 F.3d 256, 262 (5th Cir. 1998) (finding that counsel's recommendation that the defendant not testify was reasonable trial strategy); *Hollenbeck v. Estelle*, 672 F.2d 451, 454 (5th Cir. 1982) (stating that the decision not to put the defendant on the stand was trial strategy).

[11] *Robison*, 151 F.3d at 261 (quoting *United States v. Garcia*, 762 F.2d 1222, 1226 (5th Cir. 1985)).

[12] *See Willis*, 273 F.3d at 594 n.2; *Sayre*, 238 F.3d at 634; *Brown*, 217 F.3d at 259; *Robison*, 151 F.3d at 261; *Emery*, 139 F.3d at 198-99; *Garcia*, 762 F.2d at 1226; *Hollenbeck*, 672 F.2d at 453; *Mays v. Estelle*, 610 F.2d 296 (5th Cir. 1980).

[13] *See Brown*, 217 F.3d at 259; *Robison*, 151 F.3d at 262; *Emery*, 139 F.3d at 199; *Hollenbeck*, 672 F.2d at 453 (noting that the court informed the defendant that he had the right to testify and that no one could prevent him from testifying, and that the defendant understood, although later characterizing counsel's not calling the defendant to the stand "restraining" defendant's testimony).

6

cases, we determined that the decision that the defendant not testify was sound trial strategy without directly addressing whether the lawyer made the decision over the objection of his client, or if the client made the decision.[14] These cases implicitly, and we think correctly, conclude that when the record is simply that the defendant knew of his right to testify and wanted to do so but counsel was opposed, defendant acquiesced in his lawyer's advice, and therefore the only inquiry is whether that advice was sound trial strategy. That is not this record.

IV.

The decision of whether to testify belongs to the defendant and his lawyer cannot waive it over his objection.[15] Other circuits have reached the same conclusion.[16] As the Seventh Circuit stated in *United States v. Curtis*:

> When a defendant asserts that he desires to exercise his constitutional right to testify truthfully, counsel's duty is to inform the defendant why he believes this course will be unwise or dangerous. If a defendant insists on testifying, however irrational that insistence might be from a tactical viewpoint, counsel must accede. We hold that a defendant's personal constitutional right to testify truthfully in his own behalf may not be waived by counsel as a matter of trial strategy.[17]

---

[14] *See Willis*, 273 F.3d at 598-99; *Sayre*, 238 F.3d at 635; *Garcia*, 762 F.2d at 1226; *Mays*, 610 F.2d at 297.

[15] *Emery*, 139 F.3d at 198.

[16] *See Brown v. Artuz*, 124 F.3d 73, 78 (2nd Cir. 1997) (holding that the decision whether to testify belongs to the defendant, and citing cases reaching the same conclusion from the 3rd, 4th, 7th, 8th, 9th, 11th and D.C. Circuits).

[17] 742 F.2d 1070, 1076 (7th Cir. 1984).

7

The Eleventh Circuit reached the same conclusion in *United States v. Teague*:

> [I]f defense counsel refused to accept the defendant's decision to testify and would not call him to the stand, counsel would have acted unethically to prevent the defendant from exercising his fundamental constitutional right to testify....Under such circumstances, defense counsel has not acted " 'within the range of competence demanded of attorneys in criminal cases,' " and the defendant clearly has not received reasonably effective assistance of counsel.[18]

To hold otherwise is to ignore the fact that the defendant's right to testify is secured by the Constitution and only he can waive it. It cannot be reasonable trial strategy for an attorney to not honor his client's decision to exercise his constitutional right to testify, not because the advice not to take the stand is unsound, but because counsel must in the end accede if the client will not abide by the advice.

Relying on *Hollenbeck*, *Garcia, Jordan v. Hargett*,[19] *Robison* and *Sayre*, the government argues that when a defendant is aware of his right to testify and remains silent before the trial court, this court will not find his counsel's refusal to allow him to testify to be ineffective. Stated another way, the government asserts that we have found that a defendant waives his right to testify by not speaking out during the trial if his counsel will not allow him to make the final decision.

---

[18] 953 F.2d 1525, 1534 (11th Cir. 1992) (citations omitted); *see also Brown v. Artuz*, 124 F.3d 73, 80 (2nd Cir. 1997) (quoting *Teague* favorably).

[19] 34 F.3d 310 (5th Cir. 1994) *vacated en banc*, 53 F.3d 94 (5th Cir. 1995).

We disagree with this reading of our decisions. *Hollenbeck* and *Robison* found that the defendant acquiesced in his counsel's advice that he not testify.[20] *Garcia* and *Sayre* did not record whether defense counsel left the ultimate decision to the client, or whether the client acquiesced in his counsel's advice.[21] And in *Jordan*, the en banc court stated that it "need not decide the questions of constitutional law discussed in the panel opinion."[22]

Mullins testified at the habeas hearing that he knew that he had a constitutional right to testify. Nothing in the record indicates that he made his desire to testify known to anyone but his lawyer. If our record here had no more we could conclude that Mullins had accepted the advice of counsel. There was more. Mullins's trial counsel testified that she did not leave the decision to Mullins. She explained that while he had initially agreed with her advice, he changed his mind during the trial. The district court found that both Mullins and his trial counsel "testified credibly at the evidentiary hearing that he expressed a desire to testify [to his counsel] numerous times during trial and that counsel alone chose to prevent his testimony." We are compelled to conclude that this finding is not clearly erroneous. That is, the record is not silent on the outcome of the discussion

---

[20] *See Robison*, 151 F.3d at 262; *Hollenbeck*, 672 F.2d at 453.

[21] *See Sayre*, 238 F.3d at 635; *Garcia*, 762 F.2d at 1226.

[22] *Jordan*, 53 F.3d at 95.

between lawyer and client. In this circumstance we cannot infer from Mullins's silence before the trial court that he acquiesced in the advice not to testify.

We resist the suggestion that we ought to insist that a defendant directly address the court at the pain of waiver to assert his right to testify when his counsel will not abide his decision. Such a requirement is not without appeal, offering a way of avoiding after-trial swearing contests. However, the natural location for any burden to enlist the aid of the court is upon counsel, and that is no new burden. Careful defense counsel routinely advise the trial judge out of the jury's presence that the defendant will or will not testify, contrary to their advice. Even without its initiation by counsel, careful trial judges will similarly inquire if the defendant understands his right to testify. We think both these trial practices are better calculated to protect a defendant's right to testify. Declining to place upon the defendant the responsibility to address the court directly is consistent with the reality that routine instructions to defendants regarding the protocols of the court often include the admonition that they are to address the court only when asked to do so. We agree with the Second Circuit's observation that "[a]t trial, defendants generally must speak only through counsel, and, absent

something in the record suggesting a knowing waiver, silence alone cannot support an inference of such a waiver."[23]

The district court found that there was credible evidence that Mullins's counsel did not honor his decision to testify. While such a claim made for the first time four years after the trial is more than suspect, Mullins's counsel's testimony at the evidentiary hearing supports his claim. As we have detailed, she testified that he repeatedly requested to testify, and that she "prevented" him from doing so against his wishes. Bound by this finding, we must conclude that Mullins's counsel was deficient in preventing him from testifying when he repeatedly told her he wanted to do so.

The district court also found that Mullins's trial counsel's advice to not take the stand was not based on sound trial strategy. After examining the record, we cannot agree. It is clear from the record that defense counsel made a strategic decision that Mullins ought not testify in order to keep from the jury evidence of his past convictions for drug related crimes and bad check writing. This trade off was supported by the circumstance that counsel was able to put much of Mullins's account before the jury by other witnesses.[24]

---

[23] *Chang v. United States*, 250 F.3d 79, 84 (2nd Cir. 2001) (acknowledging a split among the circuits on this issue, but finding no waiver).

[24] In reaching its conclusion, the district court relied in large part on the testimony of Mullins's counsel that in retrospect and with more experience, she would have acted differently. This kind of hindsight analysis is not permitted in determining whether trial strategy was sound. *See Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999).

In spite of the soundness of the adopted trial strategy that Mullins should not testify, it cannot be considered within the scope of sound trial strategy to not leave the ultimate decision to the client, although as we will see, its very soundness cuts against Mullins's claim of prejudice. We conclude that Mullins has met the first requirement of the *Strickland* test.

V.

The second prong of the *Strickland* test asks whether counsel's deficient performance prejudiced the defense.[25] It requires "... a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt" and that the errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[26] This standard has not been met.

At the evidentiary hearing, Mullins testified that he wanted to take the stand to dispute the officer's testimony that Mullins admitted the gun was his and to explain why he signed the receipt that stated he had purchased the gun off the street. Mullins says that he wanted to testify that he told the officer that his girlfriend bought the gun, and that he could not read the receipt which he signed because he was not wearing his glasses.

---

[25] *Sayre*, 238 F.3d at 634 (citing *Strickland*, 466 U.S. at 687-94).

[26] *Strickland*, 466 U.S. at 687, 694-95.

12

Rather than put Mullins's criminal record before the jury, counsel offered the testimony of several other witnesses to challenge the police officer's testimony and support Mullins's story. His girlfriend testified that the gun was hers, and that she had received it from a friend as collateral for a loan. The girlfriend's friend also testified to that effect. Another woman present during the exchange between Mullins and the officer testified that she never heard Mullins make the statement alleged by the officer. His girlfriend testified that she did not recall seeing the incriminating statement on Mullins's copy of the receipt for the gun. This testimony presented much of Mullins's story to the jury without his testimony.

The difficulty is that a denial by Mullins from the stand would come at a high price. It would juxtapose a police officer whose account is supported by Mullins's signed statement with a felon with a large incentive to lie. If Mullins took the stand his extensive criminal record and drug use would have come into evidence. The likelihood that the jury would credit the felon over the police officer whose testimony is supported by the defendant's signed statement does not meet the reasonable probability of a different outcome test. We can say only that his testimony *might* have persuaded, but not that there is a reasonable probability that it would have done so. In service of finality, the second prong of

*Strickland* raises high the bar to relief, and here it has not been cleared.

We must conclude that Mullins was not prejudiced by his counsel's deficient performance. While it was defective performance for Mullins's counsel to not accede to Mullins's decision to testify, counsel's errors were not "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."[27]

VI.

Because Mullins has failed to show that he was prejudiced by his counsel's failure to leave to him the final decision of whether he ought to testify, he has failed to demonstrate that he was denied the effective assistance of counsel. We therefore REVERSE the district court's grant of Mullins's § 2255 motion.

---

[27] *Id.* at 687.