**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-7912**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PAUL ANDREW STOKES, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., District Judge.  (CR-98-145-3; CA-03-296-2)

Submitted:  October 1, 2004          Decided:  November 2, 2004

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Paul Andrew Stokes, Jr., Appellant Pro Se.  Janet S. Reincke, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paul Andrew Stokes, Jr., appeals from the district court's order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). We previously issued an order granting a certificate of appealability as to Stokes' claim that his attorney provided ineffective assistance, resulting in Stokes being denied the right to testify in his defense.[*] After receiving additional briefing on this issue, we now vacate the district court's order and remand for further proceedings.

"[A] criminal defendant has a constitutional right to testify on his own behalf at trial." United States v. Midgett, 342 F.3d 321, 325 (4th Cir. 2003) (citing Rock v. Arkansas, 483 U.S. 44, 51 (1987)). This right may be waived, as long as the waiver is made knowingly and voluntarily. United States v. Mullins, 315 F.3d 449, 452, 454-55 (5th Cir. 2002).

In his § 2255 motion, Stokes claimed that he received ineffective assistance of counsel when counsel failed to advise him of his right to testify and further refused to let him testify. He asserted that, had he been properly advised and allowed to testify, he would have been able to refute the government's evidence. Stokes submitted a sworn affidavit to this effect and also attested that counsel threatened to withdraw from the case and tell the

---

[*]We denied a certificate of appealability and dismissed Stokes' appeal as to his remaining issues.

- 2 -

court that Stokes was a liar if he chose to testify. Stokes'
affidavit also includes his sworn statements that he informed his
attorney that he wished to testify on his behalf and that he
requested to testify after his attorney presented the testimony of
three witnesses on his behalf.

Counsel filed an affidavit stating that he asked Stokes
numerous times whether he wanted to testify. He submitted a copy
of a page from his trial notes on which he wrote to Stokes during
the trial proceedings, inquiring if Stokes wanted to testify, and
Stokes responded, "I don't plan to." Counsel stated that his trial
notes also reflected that, after the last defense witness was
dismissed, he asked Stokes if he wished to testify and Stokes
"declined to exercise that right."

Unless it is clear from the pleadings, files, and records
that the prisoner is not entitled to relief, § 2255 makes an
evidentiary hearing mandatory. 28 U.S.C. § 2255; Raines v. United
States, 423 F.2d 526, 529 (4th Cir. 1970). The district court may
expand the record to include letters, documents and affidavits.
Raines, 423 F.2d at 529-30. A district court's decision of whether
a hearing is mandatory under § 2255 and whether petitioner's
presence is required at the hearing is reviewed for abuse of
discretion. Id. at 530 (citing Machibroda v. United States, 368
U.S. 487 (1962)). Notwithstanding the court's ability to expand
the record and its wide discretion in the matter, "[t]here will

remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court."  Id.  "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive . . . ."  Id.

In denying § 2255 relief on this issue, the district court stated that there was no evidence in the record to support Stokes' claim and, in fact, all of the evidence was contrary to Stokes' claim.  However, we find that the conflicting statements in the affidavits submitted by Stokes and counsel create a factual dispute requiring an evidentiary hearing.  Resolution of this credibility dispute cannot be made on affidavits alone.  See Raines, 423 F.2d at 530.

Accordingly, we vacate the district court's order as to this issue and remand for further proceedings consistent with this opinion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED