United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-10665
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTURO HERRERA,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2578-P
_____

Before JOLLY, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal arises from the denial of Arturo Herrera's ("Herrera") motion for post-conviction relief under 28 U.S.C. § 2255. Herrera was convicted for his involvement in a large-scale drug-trafficking conspiracy run by the de la Torre family. We affirmed his conviction. United States v. Robles, No. 98-10110 (5th Cir. Aug. 26, 1999) (unpublished table decision). In this habeas appeal he seeks to set aside his convictions. He contends first that his counsel was ineffective for failing to move for a judgment of acquittal at the close of evidence because the evidence was insufficient to support his convictions. Second, he contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that had trial counsel not interfered with his right to testify, he would have been able to give testimony tending to show reasonable doubt as to his guilt.

We turn to briefly discuss the facts underlying the convictions that he seeks to set aside. Miguel de la Torre ("Miguel") headed a marijuana trafficking organization based in Dallas. The organization obtained marijuana imported from Mexico and distributed it. In March 1997, Miguel became concerned that he was under police surveillance, and he contacted Herrera. According to the evidence, Miguel told Herrera that he was dealing in marijuana and that he thought the police were investigating him, a fear that he asked Herrera to confirm. Herrera agreed to perform a record search to determine whether the police were following Miguel. To facilitate his request, Miguel gave Herrera some relevant personal information needed to perform such a search.

Herrera reported back to both Miguel and Miguel's sister that the police were investigating Miguel's neighborhood and people with whom he did business, and that one of those people was "snitching." Herrera also told Miguel that he knew four narcotics officers to whom he could pay $3000 a month to protect Miguel. Miguel gave Herrera $3000 to pay off the officers for protection for the first month. There was no evidence to show that Herrera actually paid or attempted to pay any officers.

Furthermore, Officer Joseph Emmett testified that a couple of times a week, Herrera would call him, give him names and birthdays,

2

and ask him to check his police computer for outstanding warrants. Officer Emmett refused to perform any searches, but he said that Herrera continued asking him to perform searches through the spring of 1997.

On August 28, 1997, Herrera was indicted on one count of conspiring to import, distribute, and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; three counts of use of a communication device to facilitate a drug-trafficking crime, in violation of 21 U.S.C. § 843(b); one count of money laundering, in violation of 18 U.S.C. § 1956; and one count of accessory after the fact to possession with the intent to distribute marijuana, in violation of 18 U.S.C. § 3.

In October 1997, Herrera and four co-defendants were tried to a jury, with Domingo Garcia representing Herrera as trial counsel. At the close of the prosecution's case-in-chief, Garcia moved for a judgment of acquittal. Herrera did not testify during the defense's case-in-chief. In this respect, the following exchange occurred:

> MR. GARCIA: .... I have gone at great length discussing with Mr. Herrera his right to testify and to be cross-examined if he chose to testify as well as his right to invoke his Fifth Amendment rights to not testify. And he understands that that can't be held against him.
>
> After discussion, Mr. Herrera has decided not to testify today, and that is his indication. That's why he did not testify.
>
> THE COURT: And Mr. Herrera, I'll ask you,

3

> sir, do you agree with what your attorney just
> stated?
>
> DEFENDANT HERRERA:  Yes, sir, I just stated.

At the close of the evidence, Garcia failed to renew the motion for a judgment of acquittal.  The jury convicted Herrera on the conspiracy, communication facility, and money laundering counts, and acquitted him on the accessory after the fact charge.  On January 21, 1998, the district court sentenced Herrera to 120 months of imprisonment on the conspiracy count, 48 months on the communication facility counts, and 120 months on the money laundering count, to be served concurrently, for a total incarceration term of 120 months.

Herrera appealed his conviction to this Court.  Herrera raised several issues as bases for reversal, including that the evidence was insufficient to support his conviction.  On August 26, 1999, this Court affirmed Herrera's conviction.  In its review of the sufficiency of the evidence, the Court undertook review only for plain error, due to Garcia's failure to renew the motion for a judgment of acquittal at the close of evidence.

Herrera filed this Motion to Vacate pursuant to 28 U.S.C. § 2255 on November 11, 2000.  On May 25, 2004, the district court denied the motion without holding an evidentiary hearing.  Herrera filed a timely notice of appeal, and the district court granted a Certificate of Appealability ("COA") on the issue of whether trial counsel was ineffective in failing to move for a judgment of

acquittal at the close of the evidence.  This Court further granted a COA on the issues of whether trial counsel was ineffective for interfering with Herrera's right to testify and whether the district court erred when it denied Herrera's § 2255 motion without holding an evidentiary hearing.

"Ineffective assistance of counsel is a mixed question of law and fact, and [this Court] review[s] the district court's grant [or denial] of habeas relief *de novo*, while crediting the district court's express or implied findings of discrete historic fact that are not clearly erroneous."  United States v. Mullins, 315 F.3d 449, 453 (5th Cir. 2002); see also Sayre v. Anderson, 238 F.3d 631, 634-35 (5th Cir. 2001).  To prove an ineffective assistance of counsel claim, a defendant must show (1) "that counsel's performance was deficient[,]" and (2) "that the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  The second prong requires that the defendant prove that a reasonable probability exists that, but for counsel's errors, the factfinder would have had a reasonable doubt regarding guilt and that the errors were "'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"  Mullins, 315 F.3d at 456 (5th Cir. 2002) (quoting Strickland, 466 U.S. at 687).

We find that Herrera has not shown that he was prejudiced by trial counsel's failure to move for a judgment of acquittal at the

close of the evidence.

Examining the conspiracy charge, the communication facility charges, and the aiding and abetting charges under a sufficiency of the evidence standard, sufficient evidence was presented to show that Herrera knowingly and voluntarily participated in the conspiracy. Herrera knew that Miguel was a drug dealer, offered police protection to Miguel, offered to provide Miguel with information, counseled Miguel on how to bring a co-conspirator back into the country, questioned Officer Emmett, and clearly benefitted from the continuance of the conspiracy, as he could continue to receive money from Miguel only if the conspiracy continued. This evidence is sufficient to allow the jury to infer Herrera's participation in the conspiracy. See, e.g., United States v. Tenorio, 360 F.3d 491 (5th Cir. 2004); United States v. Booker, 334 F.3d 406 (5th Cir. 2003).

We likewise find the evidence supporting Herrera's money laundering conviction sufficient to support the jury verdict. The record reflects testimony that Miguel had no means of generating any significant income from anything other than his drug organization and the jury could reasonably conclude that Herrera did not know of any other means for Miguel to generate real income. Thus the jury could reasonably infer that the $3000 consisted of illegal proceeds, and that this fact was evident to Herrera. Furthermore, it was reasonable for the jury to infer that the drug proceeds affected interstate commerce. See United States v. Gallo,

6

927 F.2d 815, 822-23 (5th Cir. 1991). For the same reasons cited in finding that the jury could have made a reasonable inference regarding participation in the drug conspiracy on Herrera's part, the jury could have made a reasonable inference that Herrera participated in the financial transaction with the intent to promote the drug organization.

We are unpersuaded that Herrera's counsel rendered ineffective assistance of counsel by impermissibly interfering with Herrera's right to testify. Given the circumstances and Herrera's background, Herrera gave a knowing and voluntary waiver of such right. Herrera is educated, fluent in English, and a former legal assistant. His answer to the court's colloquy asking whether he understood and waived that right was clear enough to demonstrate a knowing and voluntary waiver. In sum, the record reflects that Herrera knew what he was doing when he involved himself in the drug conspiracy and when he waived the right to testify.

In making the determinations stated above, we hold that the district court did not abuse its discretion in failing to hold an evidentiary hearing. The decision to deny a request for an evidentiary hearing on a § 2255 motion is reviewed for abuse of discretion. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). "A motion brought under [] § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." Id. Here, we see no issue that a hearing would elucidate. The

7

sufficiency of the evidence is clear and we are fully satisfied that Herrera was well aware of his right to testify and that he knowingly waived that right.

For the foregoing reasons, the district court's denial of § 2255 relief is

AFFIRMED.