**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 1, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51005
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLUBANJI MILTON MACAULAY, also known as Benji Macaulay,
also known as Reginald Eugene Harris,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
(3:04-CV-53 )
(3:01-CR-368)
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Olubanji Milton Macaulay was convicted by a jury on three counts of perjury and five counts of falsely asserting that he was a United States citizen. Macaulay filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The district court denied Macaulay's motion but granted a certificate of appealability (COA) on the issue whether his trial counsel rendered ineffective assistance by interfering with his right to testify.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To prevail on a claim of ineffective assistance of counsel, Macaulay must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). Failure to establish either deficient performance or prejudice is fatal to the claim. Id. at 697.

The district court determined that counsel's advice against testifying did not render his performance deficient, considering Macaulay's prior convictions involving mendacity and the lack of evidentiary support for his claim of citizenship. Macaulay states that he would have testified that he had lied in the past but that he sincerely believed in his citizenship. He acknowledges that he had no evidence to support this claim, either documents or testimony. Given his prior criminal history, his lack of evidentiary support, and the anticipated nature of his potential testimony, counsel's advice against testifying was sound trial strategy. See United States v. Mullins, 315 F.3d 449, 453-54 (5th Cir. 2002).

The district court's ruling, including the sentence imposed, are

AFFIRMED.