IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2007**

Charles R. Fulbruge III
Clerk

No. 05-30123
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LARRY GLENN WYCHE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:04-CV-1330
USDC No. 5:00-CR-50085-1

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Larry Glenn Wyche, federal prisoner # 03852-063, appeals the district court's judgment denying relief on his 28 U.S.C. § 2255 motion. Wyche filed the § 2255 motion to challenge his jury trial conviction on one count of conspiring to possess with the intent to distribute 50 grams or more of methamphetamine.

Wyche argues that the district court erred in denying relief on his claim that his trial counsel was ineffective for refusing to allow him to testify in his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

own defense. He asserts that he wanted to testify but his counsel would not allow him to do so. Wyche contends that, had he been allowed to testify, there is a reasonable probability that he would not have been convicted.

This court reviews "a district court's conclusions with regard to a petitioner's § 2255 claim of ineffective assistance of counsel de novo" and its "§ 2255 findings of fact for clear error." United States v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005) (internal quotation marks and citation omitted), cert. denied, 126 S. Ct. 1616 (2006). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995).

To prevail on a claim of ineffective assistance of counsel, the defendant must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate deficiency, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and show that "counsel's representation fell below an objective standard of reasonableness" relative to "prevailing professional norms." Id. at 688-89. To demonstrate prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A failure to establish either deficient performance or prejudice defeats the claim. Id. at 687.

When a defendant argues that his attorney interfered with his right to testify, this court applies the Strickland standard to claims concerning the right to testify. See United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001); Sayre v. Anderson, 238 F.3d 631, 634 (5th Cir. 2001). Although under the Strickland ineffective-assistance standard "the decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight, . . . it cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to override the ultimate decision of a defendant to testify

contrary to his advice." United States v. Mullins, 315 F.3d 449, 453 (5th Cir. 2002) (citations and internal quotation marks omitted).

As discussed below, we have determined that Wyche has failed to establish the prejudice required under Strickland. Accordingly, we need not decide whether Wyche's trial counsel impermissibly overrode his client's decision to testify. See Strickland, 466 U.S. at 687.

In the district court, Wyche provided an "affidavit," which substantially complied with the requirements for a declaration under 28 U.S.C. § 1746(2), regarding the testimony he would have given had he been called to testify. On appeal, Wyche argues that, in addition to the testimony set forth in the affidavit, he would have testified that he did not use "bulls" as a code word to refer to methamphetamine during recorded conversations. However, because Wyche's statement regarding the recorded conversations was not included in the affidavit that is of record, it cannot be considered on appeal. See United States v. Smith, 915 F.2d 959, 963-64 (5th Cir. 1990).

Because much of the evidence that Wyche would have provided was unrelated to the conspiracy offense or was presented to the jury through other trial witnesses, the possibility of prejudice is diminished. See Mullins, 315 F.3d at 456. Considering "the totality of the evidence before the . . . jury," Strickland, 466 U.S. at 695, which included tape recorded conversations involving Wyche, as well as the testimony of witnesses regarding repeated purchases of large quantities of methamphetamine from the defendant, we have determined that Wyche has failed to show that there is a reasonable probability that his testimony would have resulted in a different outcome at trial.

Accordingly, because Wyche has failed to make the requisite showing of prejudice on his ineffective assistance claim, see Strickland, 466 U.S. at 694, the judgment of the district court is affirmed.

AFFIRMED.