IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 28, 2008

Charles R. Fulbruge III
Clerk

No. 06-30590
Summary Calendar

JEREMY MATTIO

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-871

Before HIGGINBOTHAM, STEWART and ELROD, Circuit Judges.

PER CURIAM:[*]

Jeremy Mattio, Louisiana prisoner # 369156, appeals the dismissal of his 28 U.S.C. § 2254 application challenging his jury conviction of forcible rape, his multiple offender adjudication, and his sentence of 30 years of imprisonment. The district court granted a COA regarding the following grounds: (1) whether Mattio was denied effective assistance of counsel and (2) whether Mattio's due process rights were violated when the State withheld exculpatory evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In a habeas corpus appeal, we "review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court." Beazley v. Johnson, 242 F.3d 248, 255 (5th Cir. 2001) (internal quotation marks and citation omitted). In addition, under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may not grant habeas relief on questions adjudicated on the merits by the state court unless the state court's decision (1) was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Mattio contends that his attorney rendered ineffective assistance by failing to call two crucial witnesses at trial who could have impeached the testimony of the victim. To prevail on an ineffective-assistance claim, a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Failure to establish either deficient performance or prejudice defeats the claim. Id. at 697. The court indulges in a strong presumption that counsel's representation fell within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action "might be considered sound trial strategy." Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988) (internal quotation and citation omitted). Mattio has not overcome the presumption that his counsel reasonably relied upon the subpoena he issued as well as assurances he received from one of the witnesses that he would testify. See Bridge, 838 F.2d at 773. Mattio similarly has failed to rebut the presumption concerning the second uncalled witness who allegedly would have testified that he smelled alcohol on the victim's breath. See Wilkerson v. Cain, 233 F.3d 886, 892-93 (5th Cir. 2000).

2

Mattio contends that his attorney rendered ineffective assistance by failing to subpoena and inspect the victim's medical records. Even if it is assumed that the medical records Mattio sought to present at trial demonstrated that the victim had consumed alcohol, Mattio has not shown that such evidence was sufficient to nullify the jury's verdict. See Strickland, 466 U.S. at 694.

Mattio contends that his attorney rendered ineffective assistance by stipulating to damaging evidence. Because Mattio's counsel objected to the use of a photo identification, Mattio's argument regarding this evidence was moot. Further, Mattio cannot challenge the stipulation of DNA evidence because the district court did not grant a COA on the ground, and he has not requested an expansion of the COA. See United States v. Kimler, 150 F.3d 429, 431 (5th Cir. 1998). Additionally, he does not articulate what trial strategy should have been pursued in light of the undisputed evidence that he had sex with the victim. Thus, Mattio has not overcome the "strong presumption" that counsel's decision to stipulate to the evidence was "sound trial strategy." See Strickland, 466 U.S. at 689. Nor has he shown prejudice. See id. at 694.

Mattio contends that his attorney rendered ineffective assistance by failing to explain the consent defense and to allow him to testify at trial. Although a defense counsel's "decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight," "it cannot be permissible trial strategy, regardless of its merits otherwise, for counsel to override the ultimate decision of a defendant to testify contrary to his advice." United States v. Mullins, 315 F.3d 449, 453 (5th Cir. 2002). Assuming that Mattio was not fully informed of his right and that he has met the first prong of Strickland, he has nevertheless failed to establish prejudice in light of the totality of the evidence introduced at trial. See Mullins, 315 F.3d at 456.

Mattio argues that his due process rights were violated because the State withheld exculpatory evidence, namely the victim's rap sheet showing her DWI conviction and pending DWI prosecution. Because Mattio has not established any "material" use for the evidence, his assertion is wholly conclusional and insufficient to warrant habeas relief under Brady v. Maryland, 373 U.S. 83, 86-87 (1963). See Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000). Accordingly, we affirm the district court's dismissal of Mattio's habeas application.

AFFIRMED.