UNITED STATES of America, Appellee

v.

Weldon GORDON, Appellant.

No. 12–3035.

United States Court of Appeals, District of Columbia Circuit.

March 10, 2016.

Elizabeth Trosman, Esquire, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Gregory L. Lattimer, Law Offices of Gregory L. Lattimer, PLLC, Washington, DC, for Appellant.

Before: GRIFFITH and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

In 2008, while awaiting trial on drug charges, Weldon Gordon lured Andre Hayes, the government's primary witness, to his mother's home. When Hayes pulled into the driveway, Gordon murdered him. In February 2012, a jury found Gordon guilty of conspiracy to obstruct justice, witness tampering and cocaine distribution. The district court sentenced him to life in prison. On appeal Gordon argues that his conviction should be reversed because the district court deprived him of the right to choose his own attorney and the right to effective assistance of counsel.

In late October 2011, Gordon had moved for a continuance of his February 2012 trial date so that he could replace his appointed attorney, Thomas Saunders, with a privately retained attorney, Brian McDaniel. Because McDaniel was in-

volved in a different trial for the first part of 2012, the motion sought to delay Gordon's trial until some time in May of that year. Ordinarily, defendants have a right to choose their own privately retained counsel. But the right is not absolute if "a continuance is sought to retain or replace counsel of choice." *See United States v. Eiland*, 738 F.3d 338, 354 (D.C.Cir.2013). Here the district court considered each of the relevant factors in deciding whether to grant a continuance to obtain new counsel. *See United States v. Burton*, 584 F.2d 485, 490–91 (D.C.Cir.1978). The court noted that three years had passed since the murder. A further three-month delay would inconvenience witnesses and potentially affect their memories of the events. At best, a continuance would have required witnesses to go to the trouble of preparing for trial a second time. At worst, it could have put them in danger from Gordon or his family. The court also expressed its suspicion that Gordon was merely trying to delay the trial. Gordon had already filed two motions to appoint new counsel, in both of which he made the same vague allegations that his attorneys did not communicate effectively and showed a "lack of motivation and interest" in his case. The district court stated that it was not relying on this factor—it would have come to the same conclusion even if Gordon's motives were pure. After weighing the factors, the district court found that a continuance was unjustified and denied the motion. We review this decision for an abuse of discretion. *Eiland*, 738 F.3d at 354–55. We find that the district court faithfully weighed the relevant factors and came to a reasonable conclusion that balanced the defendant's rights against "the public's interest in the orderly administration of justice." *Burton*, 584 F.2d at 489.

■ As to Gordon's ineffective assistance of counsel claims, he alleges that his appointed attorney made various strategic blunders at trial, including failing to call any expert witnesses and botching several cross-examinations. But each of those supposed errors in judgment had a reasonable justification. For example, some of the questions that Gordon believes Saunders should have asked on cross-examination would have opened the door for the government to raise damaging issues on redirect. And although Saunders did not call any expert witnesses, he did move to exclude the testimony of the government's experts and vigorously cross-examined them. These are precisely the kinds of "judgment call[s] which should not easily be condemned with the benefit of hindsight." *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir.2002) (internal quotation marks omitted). They do not make out a Sixth Amendment violation. Gordon also claims that he was denied effective assistance of counsel because Saunders improperly waived Gordon's appearance at a pretrial telephone conference. But the hearing involved only a question of law, and Federal Rule of Criminal Procedure 43(b)(3) explicitly states that a defendant "need not be present" at such a hearing.

Gordon has not shown that any of these supposed missteps prejudiced his case. He has not discussed what an expert witness might have said in his favor. He has not shown that he might have been acquitted if Saunders had cross-examined witnesses differently. He has not explained what he would have done at the pre-trial hearing if he had participated. In short, Gordon has not shown a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Gordon also claims that he lacked effective assistance of counsel because his

attorney had a conflict of interest at the time of the sentencing hearing. Soon after the trial, Gordon's mother threatened Saunders and his family over the phone. Saunders reported this to the district court, and in response to a motion from the government in her perjury case, the court issued a bench warrant detaining Gordon's mother without bond. Gordon alleges that this created a conflict of interest. But an "actual conflict of interest" exists only when an attorney is "required to make a choice advancing his own ⋯ interests to the detriment of his client's interest." *United States v. Thomas,* 114 F.3d 228, 252 (D.C.Cir.1997). Even if Saunders wanted Gordon's mother to be prosecuted for her threats, nothing he could do at the sentencing hearing would make that more likely. To the contrary, if they had any effect at all, these threats likely encouraged Saunders to defend Gordon even more vigorously so that his mother "would be placated and would not cause any harm to befall either [Saunders] or his family." *United States v. John Doe No. 1,* 272 F.3d 116, 126 (2d Cir.2001) (holding that a defendant's threat against his attorney did not create a conflict of interest). Finding a conflict in these circumstances would simply encourage defendants and their families to make such threats "in the hopes of having an avenue to later seek reversal of a conviction." *Id.* Additionally, even if Saunders were conflicted, Gordon's claim would fail because he has not shown that the "conflict of interest adversely affected his lawyer's performance." *Strickland,* 466 U.S. at 692, 104 S.Ct. 2052 (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). Saunders made a "well thought out" argument based on the Sentencing Guidelines and brought up several mitigating factors in an attempt to secure a more lenient sentence. Gordon has not pointed to anything that Saunders should have done differently. This failure alone is fatal to his claim.[1]

When faced with a claim of ineffective assistance of counsel on direct appeal, we sometimes remand the case to the district court to develop a record and decide the issue in the first instance. *See United States v. Geraldo,* 271 F.3d 1112, 1116 (D.C.Cir.2001). In this case, however, Gordon already had an opportunity to press these arguments before the district court. On Gordon's own motion, we held this appeal in abeyance so that he could file a motion in the district court attacking his sentence under 28 U.S.C. § 2255. He did so, arguing that he was denied his rights to choice of counsel and effective assistance of counsel. But Gordon's motion did not point to any "competent evidence ⋯ raising detailed and controverted issues of fact," and so the district court properly denied his motion without holding a hearing. *Gonzalez v. United States,* 722 F.3d 118, 131 (2d Cir.2013). In short, Gordon already had his chance to allege facts and develop a record.

We affirm the judgment of the district court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fᴇᴅ. R.Aᴘᴘ. P. 41(b); D.C.Cɪʀ. R. 41(a).

---

1. Gordon also alleges that Saunders made improper remarks about him and his family.

The district court did not credit these allegations, and neither do we.