# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30702
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2016

Lyle W. Cayce
Clerk

CURTIS LEE JOHNSON,

Petitioner-Appellant

v.

NATHAN B. CAIN, II, WARDEN, AVOYELLES CORRECTIONAL CENTER,

Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2252

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Curtis Lee Johnson, Louisiana prisoner # 397021, was convicted of aggravated incest and, as a habitual offender, was sentenced to 50 years of imprisonment at hard labor. The district court denied his 28 U.S.C. § 2254 petition for writ of habeas corpus, but granted him a certificate of appealability. Johnson raises two issues on appeal: (i) whether

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30702

his counsel was ineffective for failing to present a defense and (ii) whether his counsel deprived him of his constitutional right to testify.

In reviewing the denial of § 2254 relief, this court reviews issues of law de novo and findings of fact for clear error. *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007). Additionally, the state court's rejection of claims on the merits is afforded deference pursuant to § 2254(d). *See Miller v. Thaler*, 714 F.3d 897, 901, 902 n.3 (5th Cir. 2013). Under § 2254(d), habeas relief may not be granted with respect to a claim that was adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2); *see Harrington v. Richter*, 131 S. Ct. 770, 787 (2011). "For claims that are not adjudicated on the merits in the state court," this court does not apply the deferential scheme laid out in § 2254(d) and instead applies "a *de novo* standard of review." *Hoffman v. Cain*, 752 F.3d 430, 437 (5th Cir. 2014).

As to Johnson's claim that his counsel was ineffective for failing to present a defense, Johnson failed to present this claim in his direct appeal to the Louisiana Supreme Court and failed to raise it in any petition for postconviction relief in Louisiana state court. Accordingly, this claim is unexhausted. *See* § 2254(b)(1)(A) (application should be dismissed if applicant has not "exhausted the remedies available in the courts of the State"). As the deadline for Johnson to file a petition for postconviction relief in Louisiana has expired, *see* LA. CODE OF CRIM. PROC. art. 930.8(A), Johnson is procedurally barred from raising this claim in Louisiana state court, the claim is procedurally defaulted, and, consequently, this court is barred from reviewing

2

it. *See Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010). Additionally, Johnson does not make the necessary showing to enable this court to review this procedurally defaulted claim. *Id.*

As to Johnson's claim that his counsel deprived him of his right to testify, Johnson argues that the deprivation violated Louisiana law and the U.S. Constitution. Insofar as Johnson's claim rests on the proper interpretation and application of Louisiana jurisprudence, it fails because it is not within the scope of federal habeas corpus review. *See* § 2254(a) (federal habeas court may grant § 2254 relief only "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Molo v. Johnson*, 207 F.3d 773, 776 n.9 (5th Cir. 2000).

Insofar as Johnson's claim rests on the averment that his counsel denied him the right to testify in violation of the U.S. Constitution, his claim is reviewed under the two-prong standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Bower v. Quarterman*, 497 F.3d 459, 473 (5th Cir. 2007). To prevail under *Strickland*, Johnson must establish that his counsel's performance was deficient, and the deficient performance prejudiced his defense. *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002). Even assuming *arguendo* that Johnson could establish that his counsel's performance was deficient, he has failed to establish that he was prejudiced. In order to establish prejudice, Johnson must show that there is a "reasonable probability" that but for his counsel's performance, "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Johnson has failed to establish that a reasonable probability exists that his testimony would have resulted in an acquittal.

No. 15-30702

The judgment of the district court dismissing Johnson's § 2254 petition is hereby AFFIRMED.