# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30439
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2025

Lyle W. Cayce
Clerk

CORI WILLIAMS,

*Petitioner—Appellant*,

*versus*

TIM HOOPER, *Warden, Louisiana State Penitentiary*,

*Respondent—Appellee*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CV-153

———————————————————

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Cori Williams, Louisiana prisoner # 536814, appeals the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction and sentence for second degree murder and attempted second degree murder. He argues that his trial counsel was ineffective for failing to call him to testify in his own defense. More specifically, he argues that counsel denied

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

him his right to testify and failed to fulfill a promise made to the jury during opening statements that it would hear from Williams in his own words. He contends that his testimony would have helped him establish a sudden passion defense, reducing his conviction to manslaughter and attempted manslaughter. The district court granted a certificate of appealability on this claim.

The Antiterrorism and Effective Death Penalty Act (AEDPA) directs federal courts to defer to a state court's adjudication on the merits of a applicant's claims unless that adjudication was "contrary to" or an "unreasonable application" of clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1)-(2); *see Miniel v. Cockrell*, 339 F.3d 331, 336-37 (5th Cir. 2003). Even if we assume without deciding that Williams's counsel performed deficiently, it was reasonable for the state court to determine that Williams failed to demonstrate prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Miniel*, 339 F.3d at 336-37. In light of the trial record, which included the presentation of Williams's lengthy counseled police interview, he fails to demonstrate the necessary substantial likelihood of a different outcome had he testified. *See Harrington v. Richter*, 562 U.S. 86, 112 (2011); *United States v. Mullins*, 315 F.3d 449, 456-57 (5th Cir. 2002).

AFFIRMED.